## FRAIZER *v.* HASSEY ET AL.

WILL.—*Life Estate.*—A will contained the following clause : " To my wife, Rachel, * * * I will and bequeath the eighty acres whereon the house and barn and most of the improvements are of the home place, and which, together with the home place, during her natural life to her, and dispose of the same as she may think best for the interest and comfort of herself and my children." After the death of the testator, the widow sold and conveyed by quitclaim deed the real estate described in the will.

*Held,* that the widow and her vendee took an estate only for the life of the widow.

From the Fayette Common Pleas.

*B. F. Claypool, W. Morrow,* and *N. Trusler,* for appellant.

*J. C. McIntosh,* for appellees.

WORDEN, J.—Proceedings in partition. John Fraizer, deceased, made his will containing the following clause :

" First. To my wife, Rachel, who owns in her own right one hundred and twenty acres of this my home place, I will and bequeath the eighty acres whereon the house and barn and most of the improvements are of the home place, and which together with the home place, during her natural life to her, and dispose of the same as she may think best for the interest and comfort of herself and my children."

There is no other part of the will that seems to throw any light upon the construction of the clause above set out. After the death of John Fraizer, his widow, Rachel, executed the following deed :

" This indenture witnesseth, that Rachel Fraizer, of Fayette county, in the State of Indiana, quitclaims to Samuel Fraizer, of Fayette county, in the State of Indiana, for the sum of twenty-eight hundred dollars ($2,800), the following real estate situated in Fayette county, in the State of Indiana, to wit : The west half of the south-east quarter of section six, township fifteen, in range twelve. In witness whereof," etc.

It is admitted that the land mentioned in the will as " eighty acres" is the same land as that described in the deed ; and the only question presented by the record is, whether Samuel Fraizer, by virtue of the will and the deed, took an estate for the life of Rachel Fraizer, or an estate in fee.

The court below held that he took an estate only for the life of Rachel, and we are of the same opinion.

It is clear to our minds that by the terms of the will Rachel only took an estate for life, as it was expressly limited to her " during her natural life."

Whether or not the clause in the will authorizing her to dispose of the land as she might think best for the interest and comfort of herself and the testator's children should be construed to vest in her a power to dispose of the fee, is a question which we need not determine. She took a life estate, and only a life estate, in the premises ; and conceding that the will gave her power to alienate the fee, the question arises whether she has done so.

The deed which she executed to Samuel Fraizer is a mere quitclaim deed, purporting to convey to him such an estate only as she had in the premises. There is nothing in the deed that indicates any intention on her part to convey anything more than the estate vested in her, or to show that she had in view the supposed power to con-

vey the fee. She had an estate which she could convey, and in view of this fact the following observations of Chancellor KENT are strictly applicable to the case:

"The general rule of construction, both as to deeds and wills, is, that if there be an interest and a power existing 'together in the same person, over the same subject, and an act be done without a particular reference to the power, it will be applied to the interest, and not to the power. If there be any legal interest on which the deed can attach, it will not execute a power. If an act will work two ways, the one by an interest and the other by a power, and the act be indifferent, the law will attribute it to the interest and not to the authority." 4 Kent Com. 334.

The judgment below is affirmed, with costs.