Black *v.* Coan.

---

## BLACK *v.* COAN.

VENDOR AND PURCHASER.—*Covenant Against Incumbrances.*—*Damages.*—A breach of covenant against incumbrances in a deed of conveyance of real estate entitles the covenantee to nominal damages only, until the latter has removed the incumbrance, or has been in some way injured thereby

SAME.—When a grantor of real estate had, prior to the making of a deed of warranty, executed to another person a mining lease covering the premises sold, which lease was contingent upon the happening of an event which had not occurred when suit was brought on the covenant of warranty;

Held, that there was no criterion by which substantial damages could be estimated. Until there has been a substantial injury, there can be no ground on which to award substantial damages.

SAME.—Appeal.—A judgment will not be reversed for failure to award nominal damages.

From the Clay Circuit Court.

W. W. Carter and S. D. Coffey, for appellant.

McGregor & Tressel, for appellee.

WORDEN, J.—Action by the appellee against the appellant, upon a promissory note executed by the defendant to the plaintiff, for the sum of four hundred dollars. Judgment for the plaintiff.

The defendant answered that the note was ·given for the consideration, in part, for certain land, situate in said county, purchased by the defendant from the plaintiff, for which the plaintiff executed to the defendant a warranty deed, which is set out, and that the covenants in the deed had been broken, to the defendant's damage in the sum of eight hundred dollars, in consequence of the execution by the plaintiff of the following instrument before the execution of the deed, viz.:

"Know all men by these presents, that Thomas B. Coan, of Harrison township, of Clay county, State of Indiana, for and in consideration of one dollar to him in hand paid by the Iron City Land Company, a corporation existing under the laws of the State of Pennsylvania, the receipt of which is hereby acknowledged, and the further consideration of ten cents per ton for all coal, iron ore, clay, salt, petroleum, and limestone, which said Iron City Land Company, their successors, or assigns shall mine and carry away·from the premises hereinafter described, and five cents per perch for each and every perch of building stone quarried and removed from said premises, which payments shall be made annually, and the further consideration that the Iron City Land Company shall induce the Cincinnati and Terre Haute Railroad Company to build

or cause to be constructed a railroad through the township in which the lands herein described are situated, within five years from this date, do hereby sell, grant, and convey unto the said Iron City Land Company all the coal, iron ore, clay, salines, petroleum, limestone, sandstone, building stone, and all other minerals which may be found in and upon the tract or parcel of land situate in the county of Clay and State of Indiana, and known and described as follows, to wit." (Here the land is described.) "The said Iron City Land Company, their successors, and assigns may commence mining operations at any time to suit their pleasure and convenience after the completion of a railroad as aforesaid, the object of this grant being to aid in the construction of said railway. The said Thomas B. Coan, for himself, his heirs, and assigns, hereby covenants with the said Iron City Land Company, their legal representatives and assigns, that until all the minerals and substances above named are mined out of said premises, the said Iron City Land Company, their legal representatives, and assigns shall have the right of way over and under said premises for the purpose aforesaid; also the right to use and occupy so much of said premises for all ways, passages, rail or other roads, as may be necessary in carrying on said business and conveying said coal, petroleum, or other products to market. The minerals under any permanent building or yard surrounding the house shall not be mined out; and said grantor reserves the right to mine so much coal on the premises as may be necessary for his own household use and neighborhood uses. It is expressly stipulated that the premises herein described shall not be occupied by said Iron City Land Company or their assigns, until a railroad is completed as aforesaid, and if a railroad be not completed as aforesaid within five years from the date hereof, then this contract shall be null and void to all intents and purposes.

" In witness whereof I have hereunto set my hand and seal on the 10th day of November, 1871.

"THOMAS B. COAN. (Seal.)"

It is not alleged in the answer that the Land Company had

ever taken possession of any part of the premises, or that a railroad had been built, or even commenced, as provided for in the instrument above set out.

A demurrer for want of sufficient facts was sustained to this paragraph of answer, and the defendant excepted. This ruling presents the only question involved here.

The matters set up in the answer, which is in the nature of a counter-claim, entitled the defendant at most to nominal damages only. A judgment will not be reversed where nominal damages only are in controversy. *Patton* v. *Hamilton,* 12 Ind. 256. The defendant has not been injured, except nominally, by the alleged breach of the covenants. The Land Company, so far as appears, have never taken possession of any portion of the land. Indeed, the instrument expressly stipulates that the land should not be occupied by the company until the railroad should be completed. Then, the railroad was to be completed within the period of five years from the date of the contract. A failure to complete the railroad within the time provided for renders the contract "null and void to all intents and purposes." Whether the defendant will be injured by the breach of the covenants, except nominally, depends upon a contingency which has not yet happened, viz., the completion of the railroad, and that, too, within the time limited. Perhaps the defendant may be substantially injured in the future. But he has not been as yet, nor are any facts shown from which it appears that he will be in the future. The case clearly falls within the principle of those in which it has been held that a breach of the covenant against incumbrances only entitles the covenantee to nominal damages, until the latter has removed the incumbrance or been in some way injured thereby. *Reasoner* v. *Edmundson,* 5 Ind. 393. And see *Small* v. *Reeves,* 14 Ind. 163; *Marvin* v. *Applegate,* 18 Ind. 425.

The appellant claims that as he could not remove the claim of the Land Company, as he could a mere lien for money, he ought to have substantial damages. But how shall they be estimated? As yet he has not been substantially injured,

because the Land Company, so far as appears, has in no way occupied or interfered with the premises. The railroad is not yet completed, and until it shall be, the company will have no right to occupy the premises. The railroad may not be completed within the time limited, in which event the contract becomes a nullity, and the company will have no rights whatever in the premises. As the defendant may or may not be injured, there can be no criterion by which to estimate substantial damages. Until the defendant shall have been substantially injured, there can be no ground on which to award him substantial damages. No available error, therefore, was committed in sustaining the demurrer.

The judgment below is affirmed, with costs and five per cent. damages.