## MASON *v.* COOKSEY.

VENDOR AND PURCHASER.—*Breach of Covenant.—Damages.—Eviction.*—A complaint in an action for the breach of the covenants of title of a warranty deed of conveyance of real estate may be good for nominal damages without alleging an eviction or its equivalent.

SAME.—*Paramount Title.*—The grantee of land by the warranty deed of one who has no good title can recover only nominal damages when he has not been evicted, or has not given up possession to a person having and asserting a paramount title, or has not bought in such paramount title.

SAME.—The grantee of a warranty deed need not be at the trouble and expense of a lawsuit to resist a paramount claim to the land, but, when the claim is once asserted, not merely known to exist, he may in good faith yield to it and have his remedy on the covenants of the deed.

SAME —*Complaint.*—It is not necessary, in an action for breach of covenants of title brought by the grantee of a warranty deed, to allege in the complaint that the grantor did not, after the execution of the deed, acquire a title which would inure to the benefit of the grantee by estoppel.

SWAMP LAND.—*Patent.— Where to be Recorded.—Secretary of State.*—It is not necessary or proper that patents issued by the State of Indiana of swamp lands sold by it should be recorded in the county where the land is situated; such patents are required to be recorded by the secretary of state in his office, and, when so recorded, are notice.

From the Greene Circuit Court.

*H. Burns,* for appellant.

*E. E. Rose, J. D. Alexander* and *E. Short*, for appellee.

DOWNEY, J. — This was an action by the appellee against the appellant, on the covenants in a warranty deed of real estate. The plaintiff was not the immediate grantee of the defendant, but was the grantee of one Harbin, who was the grantee of the defendant.

It is alleged, as a breach of the covenants in the deed, that at the time of the execution of said deed from Mason to Harbin, Mason had no title, but the same was in one Brown, and that at the time of the execution of the deed from Harbin to the plaintiff, Harbin had no title, but the same was still in Brown; that Harbin, by his deed from Mason, took no title, and plaintiff, by his deed from Harbin, took no title; and by reason thereof, the plaintiff has been damaged in the sum of twelve hundred dollars.

The answer was in two paragraphs, to the second of which a demurrer was filed by the plaintiff, and sustained by the court. It alleges that the plaintiff, by virtue of the deed made by Harbin to the plaintiff, took possession of the land so conveyed, and still holds and retains the same, under said deeds, and has never been disturbed in the possession of said land, nor has he been compelled to purchase any outstanding claim or title, in order to retain said possession.

Reply in two paragraphs:

1. A general denial.

2. A special paragraph, not requiring a more particular notice.

The trial was by the court, and, by request, there was a special finding and conclusions of law as follows:

"The defendant in the above entitled cause having requested the court to make a special finding of the facts in said cause, and to state the conclusions of law thereon, with a view of excepting to such conclusions of law, the court makes the following special findings of facts, to wit: That the land described in plaintiff's complaint, to wit, the south half of the north-east quarter of section thirty-two, township

seven north, of range seven west, situated in Greene county, Indiana, was formerly what is commonly known as 'swamp land,' and was ceded as such by the United States government to the State of Indiana; that on the 4th day of January, 1854, James M. H. Allison purchased said land of the State of Indiana, in accordance with the laws in force in said State relative to the sale of swamp lands; that said Allison received a deed or patent from the State for said land, which was recorded in the office of the secretary of state, but that the same was never recorded in the office of the recorder of Greene county, Indiana, but was entered on the tract-book of Greene county, Indiana, as being entered by said Allison January 4th, 1854; that on the 23d day of January, 1854, said Allison conveyed said land to the Indiana and Illinois Central Railroad Company, which deed was recorded in the office of the recorder of Greene county, Indiana, on the 15th day of May, 1856; that said railroad company conveyed said land to Morrison and Braden on the 29th day of June, 1868, which was duly recorded in the office of the recorder of said county on the 13th day of May, 1869; that said Braden purchased the interest of said Morrison in said land, and on the 15th day of November, 1869, said Braden conveyed said land to one Levi L. Brown, which deed was recorded in the recorder's office of said county on the 12th day of March, 1870. The court also finds that the defendant, Mason, purchased said land of the State of Indiana, as swamp land, in accordance with the laws of the State, on the 19th day of February, 1868, and paid therefor the sum of one hundred dollars, and received a deed or patent for said land from the State, which was duly recorded in the office of the recorder of Greene county, Indiana, on the 24th day of February, 1868; that on the 21st day of March, 1871, said Mason conveyed said land by warranty deed to John W. Harbin, for the sum of four hundred dollars, which deed was recorded in the recorder's office of Greene county, Indiana, on the 8th day of January, 1871, and on the 8th day of January, 1872, said Harbin conveyed said land, by general

warranty deed, to Augustus Cooksey, the plaintiff herein, for the sum of five hundred and eighty dollars, which deed was recorded in the office of the recorder of Greene county, Indiana, on the 9th day of January, 1872.

"The court further finds that at the time the defendant, Mason, purchased said land of the State, the same was wild and uncultivated, and not in the actual possession of any one. The court also finds that at the time of said purchase by said Mason, said Mason had no actual notice or knowledge that said Allison had ever purchased said land of the State, or that said Allison, or any one claiming under him, had or claimed any title or interest in said lands; that after the conveyance by said Mason of said land to the said Harbin, said Harbin took possession of said land, by virtue of said purchase, and made improvements thereon, and that said Cooksey was never disturbed in his possession by any legal proceedings of ejectment or ouster, nor did he surrender said possession to any one having a paramount title to said land; but that said Cooksey voluntarily moved off and abandoned the possession of said land; nor has said plaintiff purchased any outstanding claim or title to said lands, in order to retain the possession thereof; but said plaintiff had learned that other persons were claiming title to said land under said Allison.

"The court further finds, that the plaintiff ought to recover of the defendant the sum of four hundred and seventy-eight dollars.

"Upon the foregoing facts, the court arrives at and states the following conclusions of law, viz.:

"1.  That said James M. H. Allison, by virtue of his purchase of said land from the State, became the owner thereof.

"2.  That the recording of the deed or patent of said Allison in the office of the secretary of state was notice to all subsequent purchasers.

"3.  That said Allison, by failing to have his deed or patent received from the State recorded in the office of the recorder of Greene county, Indiana, within ninety days after its exe-

cution, or before the purchase of said land by said Mason from the State, does not prejudice the rights of said Allison or those claiming under him, or estop them from setting up said deeds or title to defeat the title of said Mason and those claiming under him.

"4. That a deed or patent received from the State of Indiana for swamp land is not governed by the law regulating the recording of deeds executed by private individuals, and that persons receiving such deeds or patents are not required to have them recorded in the county where the land conveyed is situate, in order to protect their rights.

"5. That the plaintiff ought to have and recover judgment of the defendant for the sum of four hundred and seventy-eight dollars.

"6. That to enable the plaintiff to recover of the defendant the amount of the purchase-money received by the defendant for the land sold by him to Harbin as described in the complaint, it is not necessary that the plaintiff should have been evicted from said land, nor that said plaintiff should have been compelled to purchase an outstanding paramount title to said land to protect and maintain his possession, but it is sufficient if the plaintiff has acquired no title."

The special finding is signed by the judge. The defendant excepted to the conclusions of law.

It is assigned for error that the complaint does not state facts sufficient to constitute a cause of action, that the court improperly sustained the demurrer to the second paragraph of the answer, and that the court erred in its conclusions of law.

We think the complaint may be good for nominal damages without alleging an eviction or its equivalent, and think it need not allege that the grantor did not, after the execution of the deed, acquire a title which would enure to the benefit of the grantor by way of estoppel. We think the demurrer to the second paragraph of the answer was correctly sustained, because it did not answer the whole cause of action, which it assumed to do.

We think the conclusion of law by the court, that the patent from the State to Allison need not be recorded in the office of the recorder of Greene county, was correct.   Conveyances cannot be legally recorded in the recorder's office unless they have been first duly acknowledged or proved and certified according to law.  1 G. & H. 261, sec. 18, *et seq.*  No provision is made for acknowledging patents for swamp lands issued by the officers of the State.   It is simply required that they shall be signed by the governor, attested by the secretary of state, and have the seal of the State affixed thereto.  1 G. & H. 599, sec. 14, and 607, sec. 4. They are required by law to be recorded by the secretary of state in books to be kept in his office.  1 G. & H. 599, sec. 14, and 607, sec. 4.

Perhaps the second patent for the same land should be held void *ab initio.*  *Stoddard* v. *Chambers*, 2 How. 284.   It is not to be presumed that the State will sell and convey a second time the same tract of land.  If this should occur by mistake, as was probably the case here, the parties affected must appeal for remedy to the justice of the State.

We are of the opinion that the conclusion of the court, that the plaintiff was entitled to substantial and full damages, under the facts of the case, is erroneous.   There was no eviction; nor did the plaintiff yield to a paramount title by giving up possession to a party asserting it; nor did he buy it in. *Hannah* v. *Henderson*, 4 Ind. 174; *Reasoner* v. *Edmundson*, 5 Ind. 393; *Hacker* v. *Blake*, 17 Ind. 97.   There need not be a dispossession by process of law, to constitute an eviction. The covenantee need not be at the trouble and expense of a lawsuit; but when the paramount claim is once asserted, he may in good faith yield to it, and have his remedy on the covenants.   In this case, no paramount claim to the lands was asserted by any one.   The most that the plaintiff was entitled to under the facts of the case was nominal damages.

The judgment below is reversed, with costs, and the cause remanded, with instructions to render judgment for nominal damages in favor of the plaintiff.