## McClure v. McClure.

COVENANT.—*Warranty.*—*Complaint against Remote Grantor.*—*Possession.*—*Covenant Running with Land.*—*Eviction.*—In an action against a remote grantor, for a breach of the covenants contained in a deed of conveyance, in the statutory form, of certain real estate, the complaint alleged, that, for a certain money consideration, by a deed made part of the complaint by copy, the defendant had attempted to convey to one who, in like manner, had attempted to convey to the plaintiff; that the defendant, when he executed such deed, had no title : that, while the plaintiff was in possession under the deed from his immediate grantor, the holder of the paramount title had instituted an action in the proper court, against this plaintiff, and his immediate grantor and this defendant, resulting in a judgment of evic-

tion, against all such defendants ; and that this plaintiff had thereupon, to avoid dispossession by legal process, surrendered to the paramount title by becoming the tenant of the holder thereof, and had since surrendered possession to him.

*Held*, on demurrer, that, under section 12, 1 R. S. 1876, p. 364, such deed contained a covenant of general warranty, running with the land, and, therefore, that the complaint was sufficient without an averment that the defendant was in possession when he executed the deed in question.

*Held*, also, that a surrender of possession to the paramount holder's attorney in such action was a legal eviction.

SAME.—*Defence.*—*Former Recovery, against Immediate Grantor.*—An answer in such action, alleging a former recovery by the plaintiff in an action against his immediate grantor, is insufficient.

SAME.—*Remedy.*—*Joint or Several Actions.*—The grantee, in such case, may maintain an action against each grantor separately, on his own covenants, or against both jointly.

SAME.—*Satisfaction of Judgment.*—If separate judgments be recovered, a satisfaction of one would operate, *pro tanto*, as a satisfaction of the other.

SAME.—*Measure of Damages.*—*Consideration Expressed in Deed.*—*Title-Bond.* —It appearing by the evidence that the defendant had sold the land to a third person, by a title-bond, for a certain sum, that the latter had sold the land, and assigned his bond, to the defendant's grantee, at an advance, and that, in the defendant's deed, the consideration expressed was the sum so paid by his grantee, the plaintiff was entitled to recover for the latter sum, with interest from the date of the deed.

From the Montgomery Circuit Court.

*G. D. Hurley* and *B. Crane*, for appellant.

*J. McCabe*, for appellee.

WORDEN, C. J.—Action by the appellee, against the appellant, upon the covenants of a deed.

Judgment for the plaintiff.

It appears by the complaint, that the appellant and his wife, for the consideration of five hundred and seventy-five dollars, conveyed and warranted, in the statutory form, certain real estate in the county of Montgomery, to William Holland. A copy of the deed is made a part of the complaint. Holland and his wife, in like manner, conveyed the property to the plaintiff, the appellee herein

The action was thus brought by the plaintiff, against his remote grantor, David F. McClure.

The breach of covenant is alleged in the complaint as follows :

"And the plaintiff took possession of said real estate pursuant to said purchase. He further avers, that, at the time of the execution of said first mentioned deed, David F. McClure was not the owner of said real estate, but the paramount title in and to said real estate was then in one Louisa J. Bunch, since intermarried with Thomas Taylor; that the said David F. McClure has not kept and performed his said covenants in said deed contained, but, on the contrary thereof, has broken the same in this, to wit, that, since, Louisa J. Taylor brought action of ejectment against the plaintiff, the defendant, David F. McClure, and wife, and William Holland and wife, in this court, on the —— day of ——, 1866, in which she successfully asserted her paramount title, as against the title attempted to be conveyed by said deed first mentioned ; and, on the —— day of ——, 1868, she recovered a judgment of eviction, against all the defendants in said action ; and thereupon, to prevent expulsion by force of legal process, he surrendered to the paramount title and became the tenant of said Louisa, and since surrendered the possession of the premises to the holder of 'said paramount title, and thus the plaintiff has been evicted from the said premises, so that he has wholly lost them," etc.

A demurrer to the complaint, for want of sufficient facts, was overruled, and the ruling is assigned for error.

The point made on the complaint is this : That, as the complaint does not show that the defendant had possession of the premises at the time of his deed to Holland, and does not show that he put Holland in possession, in pursuance of his purchase, the covenants in the deed were mere personal covenants not running with the land, and were broken as soon as executed ; and, therefore, that the plaintiff could not sue upon them.

For the purposes of this case, it may be conceded, that the covenant of seizin, when the grantor is not in possession and does not put his grantee in possession of the premises, if broken, is broken at once, upon the execution of the deed, and does not run with the land; and, hence, that a remote grantee can not sue upon it. See *Bethell* v. *Bethell*, 54 Ind. 428; *Craig* v. *Donovan*, 63 Ind. 513.

But the deed in question embraces other covenants than that of seizin. A deed, substantially in the statutory form, like that in question, by which a party " conveys and warrants " to another the real estate, " shall be deemed and held to be a conveyance in fee-simple to the grantee, his heirs and assigns, with covenant from the grantor for himself and his heirs and personal representatives, that he is lawfully seized of the premises, has good right to convey the same, and guarantees the quiet possession thereof; that the same are free from all encumbrances, and that he will warrant and defend the title to the same against all lawful claims." 1 R. S. 1876, p. 364, sec. 12.

It is thus seen that the deed in question contained, amongst other things, a covenant of general warranty; and this covenant, beyond all doubt, runs with the land.

Says Chancellor KENT: " The covenant of warranty, and the covenant for quiet enjoyment, are prospective, and an actual ouster or eviction is necessary to constitute a breach of them. They are, therefore, in the nature of real covenants, and they run with the land conveyed, and descend to heirs, and vest in assignees of the purchaser." 4 Kent Com., 12th ed., top p. 471. See, also, *Blair* v. *Allen*, 55 Ind. 409.

The breach assigned in the complaint was a breach of the covenant of warranty.

The objection to the complaint was not well taken.

The defendant's second paragraph of answer alleged, in

substance, that in May, 1874, the plaintiff recovered, in the Montgomery Circuit Court, a judgment against the said William Holland, his grantor, for two thousand dollars for the identical cause of action embraced in this suit, which judgment is in full force, etc.

A demurrer, for want of sufficient facts, was sustained to this paragraph of answer, and in this ruling we think no error was committed.

We suppose the identity of the two causes of action should be regarded as being confined to the loss by the plaintiff of the property.

The pleader evidently did not mean to allege that the plaintiff had recovered a judgment against Holland for the breach of the covenants entered into by the defendant, McClure. We construe the answer as alleging a recovery by the plaintiff, against Holland, for the breach of Holland's covenants, and not for a breach of McClure's.

The plaintiff had a right to sue Holland, his immediate grantor, for a breach of his covenants, or the defendant, his remote grantor, for a breach of his covenants, or both of them; and a recovery of a judgment against one, without satisfaction, would not bar an action against the other. A satisfaction of one judgment would probably operate, *pro tanto*, as a satisfaction of the other. For analogous cases see *The First National Bank of Indianapolis* v. *The Indianapolis Piano Manufacturing Co.*, 45 Ind. 5 ; *Morrison* v. *Fishel*, 64 Ind. 177.

A motion for a new trial was made on the ground, among other things, that the damages were excessive. It is claimed, indeed, that nothing but nominal damages could be recovered, because the plaintiff was not legally evicted.

The record of the recovery against the plaintiff was given in evidence; and it was sufficiently proved that the plaintiff surrendered the possession of the property to the

attorney of Mrs. Taylor, who appeared for her in the action, in pursuance of the judgment, without coercive process. This we think was a legal eviction, and entitled the plaintiff to full damages. *Black* v. *Duncan*, 60 Ind. 522.

The measure of damages adopted was the purchase-money as expressed in the deed, and the interest thereon from the date of the deed up to the time of rendering judgment. The amount of the purchase-money expressed in the deed will be regarded as the true amount, in the absence of any showing to the contrary, and the measure of damages adopted was the correct measure. *Sheets* v. *Andrews*, 2 Blackf. 274; *Reese* v. *McQuilkin*, 7 Ind. 450; *Phillips* v. *Reichert*, 17 Ind. 120; *Burton* v. *Reeds*, 20 Ind. 87. "The uniform rule is," says Chancellor KENT, "to allow the consideration money with interest and costs, and no more." 4 Kent Com. 476.

But it is claimed, in the brief of counsel for the appellant, that he sold the lot by title-bond, to one Vancouver, for four hundred and fifty dollars, and that Vancouver sold it to Holland, for five hundred and seventy-five dollars, and the appellant made his deed directly to Holland; hence it is claimed that the four hundred and fifty dollars should be made the basis of the calculation. It seems to us, however, that, as Holland paid five hundred and seventy-five dollars for the property, and has the appellant's covenant of warranty, he would be entitled to recover that sum, with the interest thereon, and the plaintiff stands in Holland's shoes in this respect.

There is no error in the record.

The judgment below is affirmed, with costs.

Petition for a rehearing overruled.