Axtel *v*. Chase.

---

No. 7739.

AXTEL *v*. CHASE.

PLEADING.—*Real Estate.* —*Vendor and Purchaser.*— *Breach of Contract
to Convey.* — *Rescission.* — *Rents.* — *Diligence.* —*Demand.*—A complaint,
showing an agreement of defendant to convey real estate to plaintiff
immediately by warranty deed in fee simple, a payment of part of price
and notes executed for remainder, and possession taken and held by plain-
tiff until commencement of suit, also further payments on notes for
price and of premium on insurance upon building on property before
suit; and averring that the defendant has not a good title, and can not,

Axtel *v.* Chase.

and has refused to convey, though she represented that she had such title when she made agreement; that plaintiff relied on such representation, and, before suing, offered to surrender possession, and demanded repayment of what he had paid on price and on insurance, and a surrender of his notes, is insufficient on demurrer, for a rescission, because it does not offer to account for rents, shows no excuse for delay in offering to rescind, and does not show any adverse claim, or that the defendant's title was not perfect in equity; and is insufficient for breach of contract, because the plaintiff had not offered to perform on his part, and has not suffered more than nominal damages.

SAME.—Upon the facts stated, the contract to convey immediately meant within a reasonable time. A demand was, therefore, necessary.

SAME.—*Presumption.*—The presumption against the pleader is, that the notes for purchase-money had become due; and, this being so, an offer to pay was necessary.

SAME.—*Covenant.*—*Breach.*—The allegation that the grantor had no title in fee simple does not show a breach of the covenant of seizin.

SAME.—*Misdescription.*—A grantee, who has remained in undisturbed possession, can not defeat an action for purchase-money, nor recover more than nominal damages for breach of warranty for want of title in the grantor. This applies to cases where the property was misdescribed in the deed.

SAME.—*Correction of Mistake.*—*Demand.*—A complaint to correct a mistake should allege a demand and refusal.

POWERS.—*Execution of.*—Where a life-estate, with a power to convey the fee, is devised to one who sells and conveys in fee, the deed, containing no express reference to the power, conveys, it would seem, only the life-estate of the grantor.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan*, for appellant.

*J. H. Louden*, *R. W. Miers* and *E. K. Millen*, for appellee.

WOODS, J.—Complaint in two paragraphs; demurrer to each paragraph overruled, exception, and cross errors assigned thereon. Answer in two paragraphs; demurrer to the second overruled, and exception; the first withdrawn, and, the plaintiff declining to reply, the court gave judgment for the appellee.

We will first consider the ruling upon the demurrer to the complaint; and, as there is some difference between counsel,

as to the nature of the first paragraph, we give the substance of it. It is averred, that on the 1st day of October, 1873, the defendant, in consideration of $2,225 to be paid her by the plaintiff, agreed to convey to the plaintiff immediately, by good and sufficient warranty deed, the fee simple of in-lot number 323, in Bloomington, Indiana; that, in pursuance of the agreement, the plaintiff paid to the defendant $200, and made his notes for the remainder of said sum, and has since paid thereon the sum of $1,450, to wit: On November 15th, 1873, $800, and, at later dates, not remembered, sums varying from $20 to $200, to the aggregate amount of $650; that, upon the execution of said notes, the defendant placed the plaintiff in possession of said lot; that, since taking possession, he has paid taxes on the lot to the amount of $100, and for insurance upon the building thereon the sum of $30; that the defendant has no good and sufficient title to said lot, and can not make, and has wholly failed and refused to make, such conveyance, although she represented to him at the time of making said agreement, and of the payments aforesaid, that she had such title and could legally make such conveyance; that the plaintiff was ignorant of her want of title, and, in making said payments, relied upon the promise of the defendant to make the deed, and upon her said representations; and after discovery of her want of title, and before commencing this suit, he offered to surrender to her the possession of the lot, and demanded of her the repayment of the sums so paid to and for her, and the surrender and cancellation of said notes.

The second paragraph, like the first, alleges the agreement, the cash payment of $200, the giving of notes for the residue of the price, the delivery of possession, the subsequent payments, and adds, that, at the time of making the contract, the defendant executed to the plaintiff a deed of general warranty; but that, by the mutual mistake and inadvertence of the parties and of the scrivener, the lot was described as

No. 328 instead of 323; and that there has been a breach of the warranty contained in said deed, a copy of which is filed, in this, to wit, that the defendant had no good and sufficient title in fee simple to said lot 323, and can not now, and could not then, make a good and sufficient deed conveying to him the title in fee simple, but that, on the contrary, the fee-simple title thereto was, and ever since has been, in the heirs of Aaron Chase, deceased; and the defendant had no title to said lot 328, and has since had and now has no title in fee simple thereto. The prayer of the complaint is for a reformation of the deed, the surrender and cancellation of the notes and mortgage, and for damages.

Counsel for the appellee treat the first paragraph as a complaint for rescission of the contract, and insist that it is defective in several particulars. The counsel for the appellant, on the other hand, claim that the paragraph does not seek a rescission, but "to procure damages for failure on the part of the appellee to perform a contract." So regarded, it is not good, because it does not show an actionable breach of the alleged contract on the part of the appellee. It is true that, according to the averment, the deed was to be made immediately, but, taken in connection with the other allegations, the averment means only that the deed was to have been made in a reasonable time. The plaintiff took possession, made a partial payment, and executed his notes for the residue of the price, and made subsequent payments thereon. When these notes became due, it is not shown. The presumption may, therefore, be indulged against the pleader, that they were payable immediately, and if so, or if they had become due before the bringing of the action, the plaintiff was not entitled to a deed until payment or tender of payment of the notes had been made. *Cunningham* v. *Gwinn,* 4 Blackf. 341; *Myers* v. *Cicott,* 5 Blackf. 225; *Holman* v. *Lamme,* 6 Blackf. 222; *Irwin* v. *Lee,* 34 Ind. 319; *Summers* v. *Sleeth,* 45 Ind. 598. It is clear that the

immediate execution of the deed had been waived, and the plaintiff was not, on the facts stated, entitled to an action for the failure of the defendant to convey, without showing at least readiness on the part of the plaintiff to complete the payment of the price, according to the contract, and a demand upon the defendant for a deed before the bringing of the action. *Mather* v. *Scoles*, 35 Ind. 1, and cases *supra*. It may be said that a demand was not necessary, because it is averred that the appellee could not convey. It is averred that she could not make a deed in fee simple, but not that she had not a complete equitable title with which she could invest the appellant; and the appellant having taken possession, and made payments on the contract long after the alleged failure of the appellee to convey as she agreed, the most that can be claimed for the paragraph, in this respect, under the view most favorable for the appellant, is, that he was entitled to nominal damages. The sustaining of a demurrer to a complaint which is good for nominal damages only is not available error. *Mahoney* v. *Robbins*, 49 Ind. 146; *Black* v. *Coan*, 48 Ind. 385.

We think it plain, however, that this paragraph must be regarded as a complaint for rescission. It shows an offer to surrender possession of the land, and demand of repayment, and seeks a cancellation of the unpaid notes which the plaintiff had given for a part of the purchase price, and the recovery of the sums paid upon that price and upon the taxes and insurance. These things could be accomplished only upon the theory of rescission. But for this purpose it is equally clear that the paragraph is not good. The action was brought for the September term, 1878, of the circuit court, showing a delay of several years in bringing the suit, and in making the alleged offer to rescind, for which delay no excuse is alleged. The property is shown to have had an insurable building upon it, but no offer is made to account for the rents and profits; and, notwithstanding the defend-

ant did not own the fee simple, it is not shown but that she had a perfect title in equity, sufficient to guard the appellant's possession against all adverse claims. Indeed, it is not alleged that any adverse claim had been set up. Under such circumstances, it is clear that a case for rescission is not made out. *Patten* v. *Stewart*, 24 Ind. 332.

The theory of the second paragraph is directly the opposite of the first. Asking a correction of the alleged mistake in the description of the lot, it affirms the contract, instead of seeking to avoid it. It does not, however, state facts sufficient to show a cause of action for a breach of any of the covenants of the deed. If the vendor has no title, the covenant of seizin is broken as soon as made, but the allegation in this case is, that the defendant had not a good title in fee simple, which is not equivalent to an averment of no title at all, and does not show a breach of that covenant. *Bottorf* v. *Smith*, 7 Ind. 673. Besides, if a nominal breach were conceded to be well averred, substantial damages are not shown. It is well settled that the grantee, who remains in undisturbed possession, can neither resist the payment of purchase-money nor recover more than nominal damages for a breach of warranty, because of alleged want of title on the part of his grantor. *Hooker* v. *Folsom*, 4 Ind. 90; *Clark* v. *Lineberger*, 44 Ind. 223; *Kent* v. *Cantrall*, 44 Ind. 452; *Black* v. *Coan*, 48 Ind. 385; *Mason* v. *Cooksey*, 51 Ind. 519; *Wood* v. *Bibbins*, 58 Ind. 392; *McClure* v. *McClure*, 65 Ind. 482.

A cause of action simply to correct the alleged mistake in the deed is not shown, because no demand and refusal to make the correction are alleged. *Bishop* v. *Brown*, 51 Vt. 330.

The answer to which the demurrer was overruled shows that Aaron Chase, who died seized in fee of the said lot, by his last will, which had been duly probated, devised the lot to the appellee for her natural life, and also empowered her to sell the same at private sale in such manner and upon such

terms as she should deem best. It is to be observed, however, that neither the deed which was originally made to the appellant, nor the one referred to in this answer and alleged to have been made and held ready for delivery, for the purpose of correcting the mistake in the first, purports to be made in pursuance of, or for the purpose of executing, the power to convey contained in said will. In the absence of some reference to the power, by way of recital or otherwise, showing an intent to execute it, a deed of the lot made by the appellee must probably be deemed to convey only such estate in the lot as the appellee is shown to have had, namely, her life-estate. *Fraizer* v. *Hassey*, 43 Ind. 310. *Dunning* v. *Vandusen*, 47 Ind. 423.

We need not, however, pass upon the question of the sufficiency of the plea. Any answer is good enough for a bad complaint.

The judgment is affirmed, with costs.

Opinion filed at May term, 1880.
Petition for a rehearing overruled at November term, 1881.