No. 7488.

## SEBRELL *v.* HUGHES ET AL.

COVENANT.—*Warranty.—Eviction.—Ouster.—Paramount Title.—Possession.—Nominal Damages.*—The owner of certain real estate died intestate, leaving a widow and a daughter, A. R. The widow afterward intermarried with F., who joined her in a deed conveying an undivided one-half of such real estate to H. F., subsequently, as guardian of A. R., conveyed to H. the remaining half of such real estate, who executed a mortgage on the whole tract to said F., as guardian, to secure a note given therefor. Afterward H. conveyed said real estate, by warranty, to the plaintiff, subject to said mortgage. Subsequently, A. R. having married caused the same to be sold on decree of foreclosure of said mortgage, and, after the expiration of a year, received a sheriff's deed therefor, and took possession thereof and evicted the plaintiff therefrom. Suit to recover on the covenants of his deed.

*Held,* that the possession of A. R., under said sheriff's sale and deed, was not an ouster of the plaintiff under a paramount title, but simply a transfer and continuation of the possession of H. and the plaintiff by the conveyances to them.

*Held,* also, that, while neither of said deeds may have been operative to convey the title intended to be transferred, yet so long as possession is held thereunder, only nominal damages can be awarded for breach of the covenants of the deed.

Sebrell *v.* Hughes *et al.*

From the Madison Circuit Court.

*C. D. Thompson,* for appellant.

*C. L. Henry* and *W. S. Diven,* for appellees.

Woods, J.—Action on the covenants of a deed for the conveyance of real estate, it being alleged that the grantor was not the owner of, nor seized of a fee simple, indefeasible estate of inheritance in, nor had the right to convey the same, and that said real estate had been lost to the plaintiff. Issues of fact were formed and tried by the court, which, at the request of the defendants, found the facts specially, and stated its conclusion of law thereon substantially, as follows, to wit:

Gilbert Ross died intestate, being the owner in fee of eighty acres of land described, and leaving surviving him his widow, Nancy J., and his daughter, Amanda. Thereafter said Nancy intermarried with Micajah Francis, who afterward, on the 21st day of September, 1866, joined her in a deed of conveyance for the undivided half of said real estate to William A. Hughes, and on the 4th day of November, 1866, said Micajah Francis, as guardian of said Amanda Ross, conveyed to said Hughes, the undivided half of said real estate; and on the 6th day of December, 1866, said Hughes and wife executed to said Micajah Francis, as guardian of said Amanda, a mortgage on the whole of said real estate to secure the payment of $300 one year thereafter, with ten per cent. interest. On the 5th day of January, 1868, said Hughes and his wife, Louisa J., by warranty deed, a copy of which is filed with the complaint, conveyed said real estate to the plaintiff, subject to said mortgage to said guardian for $300, the consideration in addition to said mortgage being $900, which was paid. Afterward, said Amanda Ross, having intermarried with Samuel Fleming, caused said real estate to be sold on a decree of foreclosure of said mortgage, and, the same not having been redeemed

within the year, on the 15th day of August, 1876, received a sheriff's deed therefor and took possession, and evicted the plaintiff therefrom by virtue of her said sheriff's deed, before the commencement of this suit.

"And, as a conclusion of law, the court finds that the plaintiff, being evicted of her possession in consequence of her own negligence, is not entitled to recover back any part of the purchase-money paid out by her, but is entitled to nominal damages" now assessed at "one dollar, to all of which conclusions of law the plaintiff at the time excepts." Signed by the judge. Error assigned on this exception presents the question submitted for our decision.

The judgment of the circuit court must be affirmed.

It is doubtless true, that the deed of Nancy J. Francis and her husband to Hughes conveyed no title. Said Nancy had a good title and estate in fee simple, but, by reason of section 18 of the law of descent, 1 R. S. 1876, p. 411, she was, during the coverture of her second marriage, forbidden to convey. This disability, being for her own benefit, as well as for that of her children by her first husband, her deed constituted no estoppel against her, and if she had chosen to reassert her title and reclaim the possession, at any time, she could have done so. Barnes v. Allen, 25 Ind. 222; Jackson v. Finch, 27 Ind. 316; Vinnedge v. Shaffer, 35 Ind. 341; Knight v. McDonald, 37 Ind. 463; Mattox v. Hightshue, 39 Ind. 95; Deweese v. Reagan, 40 Ind. 513; Bowers v. Van Winkle, 41 Ind. 432.

But this right to reclaim the possession which she had surrendered to Hughes she did not exercise, nor did she claim the rights of a tenant in common with Hughes, as she might have done after he became the owner of the share of Amanda Ross under the guardian's deed. Under the two deeds so made to him, Hughes became the sole and undisturbed possessor of the land, and, with his conveyance to her, gave the plaintiff the same possession. That possession was

disturbed, not by any assertion of the paramount title, but only by virtue of the sale and conveyance made upon a foreclosure of the mortgage executed by Hughes, subject to which the plaintiff bought. During the lifetime of her mother, the daughter, Amanda, had no estate or interest in the mother's portion of the land, and could not have claimed under the title of the mother, who alone could have asserted the paramount right. Cases *supra.* The possession of Amanda Fleming under the sheriff's deed, instead of being an ouster of the plaintiff under the paramount title, was simply a transfer and continuation of the possession of Hughes and of the plaintiff, held under said deeds from Nancy J. Francis and her husband, and from said Micajah Francis as guardian of Amanda Ross; and, notwithstanding either of the deeds may have been inoperative to convey the title intended to have been transferred, only nominal damages can be awarded for breach of the covenants of the deed, so long as possession is held thereunder. *Mason* v. *Cooksey,* 51 Ind. 519; *Black* v. *Coan,* 48 Ind. 385; *Mahoney* v. *Robbins,* 49 Ind. 146; *Crance* v. *Collenbaugh,* 47 Ind. 256; *Black* v. *Duncan,* 60 Ind. 522; *McClure* v. *McClure,* 65 Ind. 482.

Judgment affirmed, with costs.