Adams *et al.* *v.* La Rose *et al.*

## No. 7975.

## ADAMS ET AL. *v.* LA ROSE ET AL.

ACTION TO QUIET TITLE.—*Trust and Trustee.—Real Estate.—Tenants in Common.—Conveyance.—Sale on Foreclosure of Mortgage for Purchase-Money.—Lien of Trustee for Moneys Paid Out.*—Where one held land conveyed to him for himself and as trustee for others, purchasing each an equal share, and, upon default of some, the mortgage for unpaid purchase-money was foreclosed, and the land, having been sold, was conveyed to the trustee by sheriff's deed, he acquired such a lien upon the share of a co-tenant in default as would authorize a decree quieting his title to such co-tenants' interest in the land, unless reimbursed *pro rata* the moneys paid for the latter, and interest thereon, within a time fixed by the court.

SAME.—Such trust was a naked trust, and the trustee, having paid his share of such purchase-money, was not guilty of a breach thereof in permitting the land to go to sale on a foreclosure of the mortgage securing the purchase-money.

PRACTICE.—*Decree.—Objections to.—Bill of Exceptions.—Recitals not Evidence.*—A bill of exceptions is necessary to show objections to the form or substance of a decree, or the grounds of objections and exceptions thereto. The recitals of the clerk following the entry of the decree are not evidence of such facts.

From the Cass Circuit Court.

*M. Winfield* and *Q. A. Myers*, for appellants.

*N. O. Ross*, for appellees.

Woods, J.—Demurrer to the complaint overruled and exception ; demurrer to the cross complaint sustained and exception ; and, the defendants refusing to plead further, judgment given for the plaintiff.

The cross complaint states no material fact which is not stated in the complaint, a summary of which will be sufficient.

Error is assigned upon the rulings on the demurrers, upon the overruling of a motion in arrest of judgment, upon the entering of judgment against George E. Adams, and upon the form of judgment, in that it gave the appellant sixty days in which to redeem.

The complaint shows that in May, 1869, Andrew H. Hamilton and his wife, Phebe A. Hamilton, conveyed to Samuel A. Hall certain described lands for the price of $25,668.00, of which sum one-half was paid down, and for the remainder Hall gave to Andrew H. Hamilton his three several and equal promissory notes, payable in one, two and three years, with ten per cent. interest payable annually, and, to secure the payment thereof, executed to said Hamilton a mortgage on said lands. Hall purchased the lands for himself and for Charles B. Knowlton, David Dykeman, Willard G. Nash, William Schrier, and the appellant George E. Adams, each of whom paid one-sixth of the cash payment, and was to pay one-sixth of the sums evidenced by said notes, and to have one-sixth of the land. As a matter of convenience the title was taken in the name of Hall, who held for himself and in trust for the others. In April, 1870, Hall died testate, his will, which was duly probated, containing a declaration of said trust, and directing that a conveyance be made to each person entitled thereto of one-sixth of the land upon his payment of one-sixth of the purchase-money. In May, 1870, after Hall's death, a

payment of $5,561.40 was made on said notes to Hamilton, of which the parties each paid an equal share.

In May, 1872, Hall's executrix sold his interest, and made a conveyance of the lands to the appellee Noah S. La Rose, to be held by him for himself and in trust for the other owners. On the 8th day of December, 1875, Hamilton obtained a decree of foreclosure of his mortgage, and an order for the sale of the premises for the payment of the sum of $7,582.81, to which decree the appellee La Rose, and the widow, legatees and heirs of said Hall, and they only, were made parties defendants. One-third of the amount of said decree was due respectively from the appellant Geo. E. Adams, and from said Knowlton and Dykeman each, La Rose and the other parties interested having paid their respective shares of the notes in full. A sale of the premises, by virtue of the decree, was made on the 11th day of November, 1876, to Andrew H. Hamilton for the sum of $7,604. Six months thereafter, La Rose took from Hamilton an assignment of his certificate of purchase of said lands, paying therefor the sum of $8,036, being $50 more than the amount of the certificate and ten per cent. interest thereon, computed to the date of the assignment. The plaintiff afterward paid the taxes assessed against Adams' share of the land, and, on the 24th of July, 1877, gave Adams written notice of his purchase of the certificate, and of the amount required of Adams to redeem his portion, and that, in default of such redemption, he would take a sheriff's deed to himself and claim an absolute title thereunder; and, Adams having failed to redeem, on the 12th of November, 1877, La Rose took the sheriff's deed to himself. Though not a party to the foreclosure suit, Adams knew of its institution and pendency, and Hamilton, the plaintiff in that suit, knew, when he commenced the action, that Hall held the title under said trust for the benefit of Adams and the others named. The complaint concludes by

charging that Adams claims title to one-sixth interest in the land, and that he had made a pretended conveyance thereof to his son and co-defendant Edward L. Adams, who claims an interest.

The prayer is, that the plaintiff's title be quieted; or if, in the judgment of the court, either of the defendants had an interest in the land, that there be an accounting and a finding of the amount which the defendants, or either of them, should pay the plaintiff to be entitled to a conveyance of one-sixth of the land, and that a time be fixed within which the payment should be made, etc.

The cross complaint claimed that the trustee had been guilty of a breach of trust in permitting the sheriff's sale to be made, and ended by praying an accounting of the amount which Adams had paid, and of the whole amount paid, on said land, and that a decree be made confirming to said Adams an interest in the land in proportion to the sums which he had paid, and that, for the purpose of a final and full adjustment, Knowlton, Dykeman, and others interested, be made parties.

The court, after ruling upon the demurrers as already stated, entered a decree quieting the title, but upon the condition and proviso, that the defendants might, within ninety days, pay to the plaintiff the sum of $2,985.94, with interest to the day of payment at the rate of ten per centum per annum, and that, if such payment were made, the decree quieting the title should be void, and the undivided one-sixth of said lands should vest in said George E. Adams, and the plaintiff should make to him a conveyance of said interest by a proper deed without covenants.

It will be observed that ninety days were allowed to the appellants to redeem, instead of sixty, as stated in the assignment of error. But there is another and better reason why this assignment is not available. There is no bill of exceptions in the record, showing any objection to the form or substance

of the decree, or the grounds of objection and exception if any were made. The recitals of the clerk following the entry of the decree, that objection was made, and exception taken,. to the ruling thereon, are not evidence of the fact. There is, therefore, no question before us, either as to the form or substance of the decree. *Bayless* v *Glenn*, 72 Ind. 5; *Douglass* v. *The State*, 72 Ind. 385; *Teal* v. *Spangler*, 72 Ind. 380. The point to be decided is, whether, upon the complaint, the plaintiff was entitled to any relief.

The trust under which Hall, and after him La Rose,. held the land for Adams and the others, was a naked trust, and imposed no duty on the trustee which did not rest equally upon each of the *cestuis que trust*, and that was, to contribute his share towards the payment of the notes given for the purchase-money, as they should become due, and to the payment of taxes and other necessary expenses, if any were incurred. On the facts stated, it is therefore clear that La Rose was guilty of no breach of trust in permitting the property to go to sale upon the decree of foreclosure. It was the delinquency of Adams, Knowlton and Dykeman that made the sale possible.

In the deed made by Hall's executor to La Rose, whereby he became the holder of the title, the terms of the trust were fully and explicitly stated. By the 13th section of the act concerning trusts and powers, approved June 17th, 1852,. it is provided that "A conveyance or devise of lands to a trustee whose title is nominal only, and who has no power of disposition or management of such lands, is void as to the trustee, and shall be deemed a direct conveyance or devise to the beneficiary." 1 R. S. 1876, p. 916; *Gaylord* v. *Dodge*, 31 Ind. 41. If this statutory provision be deemed applicable, then the title conveyed to La Rose vested at once in all the parties interested, subject, of course, to the mortgage, and they became tenants in common of the land. The result of this would probably be that they were all necessary

parties to the foreclosure suit, and that the decree was not binding on the interests of those who were not made parties. It is not necessary, however, that we decide whether the statute referred to is applicable, nor whether Adams, and the others interested with him, were necessary parties to the foreclosure. Whether they were strictly tenants in common, and each vested with the legal title to his respective share in the land, is not material here. Such, in equity, was their practical relation, and upon that relation arose their rights and duties towards each other under the facts which have been stated. In 1 Washburn on Real Property, 4th ed., p. 686, sec. 14, speaking of tenants in common, the author says : "The interests of all are so far identical, and each is so far regarded as acting for the others in regard to the estate, that, if there were an outstanding adverse title to any part of the estate, no one of them, before partition made, could, by purchasing it in, use it against his co-tenants if they were willing to contribute *pro rata* towards reimbursing him the moneys he may have had to pay to acquire such title. Equity would, in such case, restrain the use of such title adversely to his co-tenants. In making such purchase, he would be considered as acting as trustee for his co-tenants, until they should have disaffirmed the presumption by refusing to contribute."

Applying this doctrine to the case in hand, the conclusion to be reached is not difficult. Whether the foreclosure and sale be regarded as valid and effectual against Adams, or whether they be deemed to have been invalid because he was not a party, in either case, the appellee La Rose, by purchasing the certificate of sale, acquired a lien upon the land which he had a right to enforce against Adams' share therein, to the extent of his share of the unpaid mortgage debt. If the mortgage had not been foreclosed as against Adams, then La Rose became the owner of the mortgage as against him, and if the foreclosure was effective and valid against all interested, then, by the assignment of the certifi-

cate and the subsequent receipt of the sheriff's deed, he became the owner of the legal title, subject to the right of his co-tenants to redeem ; and, in the one case, he was entitled to a decree of foreclosure against the defendants ; and, in the other case, to a decree substantially as rendered. If it ought to have been, and had been, a decree of foreclosure, the appellants, as a matter of course, would have had the benefit of the statutory right of redemption within one year from a sale made under the decree.

But whether the judgment ought to have been in one form or the other is, as already stated, a question which we are not called on to decide. The record does not present it.

The judgment is affirmed, with costs.