No. 7774.

## STELZER ET AL. *v.* LAROSE, RECEIVER.

RECEIVER.—*Appointment.*—*Partnership.*—*Pleading.*—*Vendor's Lien.*—*Parties.*—In an action by a receiver of partnership property to foreclose a vendor's lien on real estate which he had sold, an answer to the effect that one of the co-partners was not a party to the proceeding in which the appointment of the receiver was made, but not showing that such co-partner was at the time alive and within the jurisdiction of the court which appointed the receiver, nor that he had a substantial interest in the partnership, is not good.

SAME.—*Plea of No Consideration.*—If in such case the answer showed that the appointment of the receiver and the sale of the realty were void, it would be a want of consideration, provable under a plea of no consideration, also pleaded.

SAME.—*Estoppel.—Collateral Attack.*—The vendee of a receiver who has given his note to the receiver for the purchase-money and has accepted, and holds possession under, the receiver's deed, can not, in the absence of fraud or mistake, deny the validity of the receiver's appointment.

VENDOR AND VENDEE.—*Fraud.—Known Facts.—Rescission.*—A vendee who accepts a deed, knowing that an inchoate interest of a wife in the property has not been extinguished, and takes an agreement from the vendor to adjust and extinguish that interest, or credit a sum upon the last instalment of the purchase price, can not claim that he was deceived as to his vendor's capacity to convey that interest, nor on account of it resist payment of the earlier instalments of the purchase-money. A vendee, who has taken and holds undisturbed possession under his deed, can not resist the payment of purchase-money on account of defects in the title, or outstanding interests, unless he has been compelled to buy in such interests or has suffered substantial injury on account thereof.

SAME.—*Rescission.—Rents and Profits.*—The vendee, who has been in possession of improved property, can not rescind without offering to reconvey and to account for rents and profits, or the value of the use.

VENDOR'S LIEN.—*Foreclosure.—Practice.—Harmless Error.*—A decree of foreclosure of a vendor's lien should require that the vendee's personal property be first exhausted, but, if this is omitted without objection or exception, the error will not be available on appeal.

From the Cass Superior Court.

*G. E. Ross,* for appellants.

*M. Winfield* and *Q. A. Myers,* for appellee.

WOODS, J.—Dennis Uhl, as receiver of the "People's Bank," sued the appellants upon the promissory note of the appellant Adams, made to Uhl as such receiver, alleging that the note was given for a part of the price of real estate sold and conveyed by the receiver to the said Adams, and praying a decree for the enforcement of a vendor's lien. The appellant Catharine was made a party only because she was the wife of her co-appellant, and need not be further noticed ; and any mention of the appellant or the defendant hereinafter made will be understood to refer to the appellant Adams.

The complaint was demurred to, but no question is made

of its sufficiency. It is insisted that the court erred in sustaining demurrers to the third, sixth, seventh and eighth paragraphs respectively of answer, and to the first and second paragraphs each of the appellant's cross complaint, and in the overruling of his motions for a new trial and in arrest of judgment.

Besides the general averments of the complaint already indicated, it was alleged therein that the real estate, for which the note sued on was given, was sold to the defendant under an order of the court, the deed having been executed by the receiver, approved by the court and delivered to the defendant, but not recorded. Uhl having resigned the receivership, LaRose was appointed in his stead and his name substituted in the record.

The first and second paragraphs of answer respectively are pleas of payment and no consideration.

The third paragraph is, in substance : That at the time of the supposed sale of the real estate, for which the note in suit is alleged to have been given, Uhl was not, nor has he been, nor is he now, the legally appointed receiver of the firm known as the People's Bank, for the reason that, at the time of his supposed appointment, the firm was composed of William H. Standley, William H. Whiteside, Josephus H. Atkinson and Edward R. Thompson ; that Thompson was not a party, either plaintiff or defendant, to the proceedings under which the appointment was made, and had no notice thereof; that the appointment is therefore void and the sale a nullity. Wherefore the consideration of the note has failed.

If in fact the sale was a nullity, it was not a failure but a want of consideration, which might have been proved under the second paragraph of answer; and so, whether right or wrong, the ruling complained of was harmless.

The paragraph, however, is manifestly insufficient in itself, even if it were conceded to have been necessary to make all members of the firm parties to the proceeding, and that the question could be raised in this collateral way. It is not shown

that Thompson was living and within the jurisdiction of the court which appointed the receiver. The facts stated, therefore, would not have constituted a good plea in abatement to the application for the appointment of the receiver, and *a fortiori* must be deemed insufficient as now presented.

Besides, it is not alleged that Thompson had any substantial interest in the partnership property or in the real estate in question; and, the appellant having received a deed and being presumably in undisturbed possession of the property, the rule is familiar which denies him the right to resist payment of the purchase price. *Axtel* v. *Chase,* 77 Ind. 74. By the terms of his contract, he recognized the payee of the note in suit as receiver, and in the absence of mistake or fraud he can not under the circumstances be heard to question the validity of the appointment.

The substance of the sixth paragraph of answer is: That the firm known as the People's Bank was indebted to the defendant in the sum of $5,000, for which he held a certificate of deposit; that the plaintiff represented to the defendant that he was the legally appointed receiver of the firm, and had authority to convey the real estate described in the complaint, and offered to make to the defendant a good and sufficient title therefor, in consideration that the defendant would surrender his certificate of deposit, pay to the receiver ninety days thereafter $3,000 in money, and one year thereafter $2,000 in certificates of indebtedness of the firm, the plaintiff also agreeing to extinguish a contingent interest which the wife of William H. Whiteside claimed to have in the property, or, if not extinguished, that that interest should not exceed $1,111, and should be retained out of the last payment to be made by the defendant in the certificates of the firm; that the defendant accepted the plaintiff's offer; surrendered his certificate of deposit, and gave the note sued on for $3,000, to be paid in money; and the plaintiff gave the defendant the written agreement, filed with the plea, whereby he agreed to extinguish the interest of Mrs. Whiteside in the

real estate, or to have it adjusted with her at the sum aforesaid, and deducted from the defendant's last payment; that said agreement is the only note or memorandum of the contract signed by Uhl, or by any person in his behalf; that the only title which, as receiver, Uhl had to the property, was derived by a deed of conveyance made to him by William H. Whiteside and William H. Standley, who were the equal owners thereof as tenants in common; that the wife of Whiteside, then and now living, did not join in making the deed and never has joined her husband in conveying the property, and has a contingent interest of one third in fee simple of the undivided one half thereof, which the plaintiff has not extinguished nor reduced to the sum of $1,111, or to any definite sum, but that at the price at which the defendant made his purchase, that interest exceeds said sum; that the same is now in litigation in a suit pending between the plaintiff and Mrs. Whiteside and others; that the plaintiff has not made and can not make a good and sufficient conveyance of the property in accordance with the contract, and, though often requested, has failed and refused so to do. Wherefore the consideration of the note has failed.

The agreement referred to corresponds with the allegations made concerning it, and need not be copied.

The argument of the appellant's counsel in reference to this plea proceeds mainly upon the theory that the plaintiff is shown to be in default, in that he had not conveyed in accordance with his agreement, and was therefore not entitled to sue; and further, that the agreement to convey was within the statute of frauds and not so far performed as to be made binding on the parties. The argument is not sound. It is alleged in the complaint, that the plaintiff had conveyed the property to the defendant by a deed made under the order and approval of the court. This allegation the answer does not controvert. It is, to be sure, averred in the answer, that the plaintiff had not made and could not make a good and sufficient deed; but this, taking the complaint and answer to-

gether, means no more than that the plaintiff had not made and could not make a deed, good and sufficient to convey the interest of Mrs. Whiteside, and is not a denial of the allegation in the complaint that the plaintiff had conveyed. *Axtel* v. *Chase, supra.*

Indeed, it is manifest that the defendant did not act under any mistake or misapprehension in reference to the receiver's title and power to convey. He knew of the interest of Mrs. Whiteside, and that a deed from the receiver could not transfer or affect it, and accordingly took the receiver's agreement to extinguish or reduce that interest to a, sum named which should be credited on the last payment to be made for the property. No such actionable breach of that agreement is shown as constitutes a defence to the plaintiff's present action. No time is named in the agreement within which the outstanding title was to have been extinguished or adjusted; and though the interest is alleged to be worth more than the sum to which it was to have been reduced, it is not shown that it exceeds the amount of the final payment against which it was agreed to be set off.

In short, the situation of the appellant, as shown by this paragraph of the answer, is less favorable than that of a purchaser of realty who has received a deed and is in possession of the property, but is seeking to resist payment of the purchase-money, on account of an outstanding interest, without showing that he has been compelled to buy the interest in, or has in any way been injured on account of it. It is settled by numerous decisions that this can not be done. *Axtel* v. *Chase, supra; Sebrell* v. *Hughes,* 72 Ind. 186, and cases cited.

The seventh paragraph of the answer differs from the sixth only in that it contains allegations that the plaintiff falsely represented, and the defendant, not knowing nor having the means of knowing the contrary, relied upon the representation, that the plaintiff, as such receiver, had power to convey the property.

The plea is no better for these averments. Indeed, it is

evidently not true that the defendant believed and relied upon these representations, if they were made. He knew of the outstanding interest, and, for the purpose of securing its adjustment, took from the receiver a contract which is apparently a sufficient safeguard against injury from that direction. He is in undisturbed possession of what he bought, under a deed which is good for all it was expected to convey.

The eighth paragraph is not materially different from the third. It contains the additional allegation, that the defendant was ignorant of the plaintiff's want of authority, under his pretended appointment, to make the sale; but, for the reasons already sufficiently developed, this averment is meaningless, and does not help out the plea.

The first and second paragraphs of the counter-claim respectively contain the same averments as the sixth and seventh paragraphs of answer. The prayer of each is for a rescission of the contract, the defendant offering to surrender possession of the property, and demanding the return of his certificate of deposit and a cancellation of the note in suit.

Besides what has already been said concerning the answers referred to, it may be observed that no offer is made by the defendant to reconvey the property to the plaintiff, nor to account for the rents and profits or the value of the use and occupation. The pleadings show that there was a bank building on the property, and some averment concerning the rents or profits was therefore clearly necessary in a complaint for rescission. *Axtel* v. *Chase, supra.*

The motion in arrest was properly overruled; and the views already expressed make it unnecessary to enter minutely upon the inquiry whether the verdict is sustained by sufficient evidence. There is no essential particular in which it can be justly claimed that there is an entire lack of evidence to support the verdict for the appellee.

The court so framed its decree as to authorize the sale of the real estate in satisfaction of the vendor's lien, before exhausting the defendant's personalty. This was wrong. *Martin*

-v. *Cauble,* 72 Ind. 67.    But the appellants took no exception to the form of the decree, and made no motion to modify it. They have, therefore, each waived the error.    *Bayless* v. *Glenn,* 72 Ind. 5; *Teal* v. *Spangler,* 72 Ind. 380; *Douglass* v. *The State,* 72 Ind. 385; *Adams* v. *LaRose,* 75 Ind. 471.

The order for the sale of the land in satisfaction of the lien was in itself right as against both appellants, and while there ought to have been an order requiring the personalty of the debtor to be first exhausted, if either appellant had requested it, it is clear, under the decisions cited, that the objection can not be first made in this court.    Upon this point the case of *McCauley* v. *Holtz,* 62 Ind. 205, is not in harmony with the more recent cases.

The judgment is affirmed, with costs.