[COVENANT. PLEADING.]

## DAY and others v. CHISM.

In a declaration upon a covenant of warranty, it is necessary to allege substantially an eviction by title paramount; but no formal terms are prescribed in which the averment is to be made.

Where it was averred in such a declaration, " that the said O. had not a good and sufficient title to the said tract of land, and by reason thereof the said plaintiffs were ousted and dispossessed of the said premises by due course of law," it was held sufficient as a substantial averment of an eviction by title paramount.

Where the plaintiffs declared in covenant both as heirs and devisees, without showing in particular how they were heirs, and without setting out the will, it was held not to be fatal on general demurrer.

Such a defect may be amended under the 32d section of the Judiciary Act of 1789, c. 20.

## ERROR to the Circuit Court of Tennessee.

1825.          This cause was argued by Mr. *Bibb*, for the
Day          plaintiff in error, and by Mr. *Eaton*, for the de-
v.          fendant in error.
Chism.

*Feb.* 11*th.*          Mr. Chief Justice MARSHALL delivered the
*Feb.* 23*d.*          opinion of the Court.

This is an action of covenant brought by the
heirs and devisees of Nathaniel Day, in the
Court for the Seventh Circuit, for the District of
Tennessee, on a covenant contained in a deed
from the defendant to the said Nathaniel Day,
purporting to convey a tract of land therein men-
tioned. The declaration, which contains six
counts, states the covenant in the fourth in the fol-
lowing words: That the said Obadiah Chism, the
defendant, "then and there, by the said inden-
ture, covenanted and agreed with the said Na-
thaniel Day, his heirs and assigns, to warrant
and defend the title to the said premises against
the claim of all and every other person whatso-
ever, as his own proper right in fee simple." In
the fifth count, the covenant alleged is, "to war-
rant and defend the land against all and every
person whatever."

In some of the counts, the only breach assign-
ed is want of title in the defendant. The fourth
and fifth counts charge, that "the said Obadiah,
the defendant, hath not kept and performed his
covenant so made with the said Nathaniel afore-
said, with the said Nathaniel in his lifetime, nor
with the plaintiffs since his death, but hath broken
it, in this, that he hath not warranted and defend
ed the title to said premises described in said co

venant, against all and every person whatsoever, to said Nathaniel Day, his heirs and assigns; and also in this, that the said Obadiah had no title to said tract of land, but it was vested in the state of Tennessee; and the said plaintiffs aver, that by reason of said want of title in said Obadiah, the said Nathaniel, in his lifetime, and the plaintiffs since his death, were unable to obtain possession thereof, or to derive any benefit therefrom; and also in this, that the said Obadiah had not a good and sufficient title to the said tract of land, and by reason thereof, the said plaintiffs were ousted and dispossessed of the said premises by due course of law; and also in this, that the said Obadiah had no title to the said premises, but the same was in the state of North Carolina, by reason whereof the said Nathaniel, in his lifetime, and the plaintiffs since his death, were and are unable to obtain possession of the said premises.

The defendant demurred to the declaration, and assigned for cause of demurrer, that, 1st. "It does not appear in and by the said declaration, any averment or allegation therein, that the said plaintiffs have been evicted by a title paramount to the title of the defendant; and 2d. The said declaration is, in other respects, defective, uncertain, and informal."

The covenant stated in the declaration is, we think, a covenant of warranty, and not a covenant of seisin, or that the vendor has title. In an action on such a covenant, it is undoubtedly necessary to allege, substantially, an eviction by title paramount, but we do not think that any

1825.

Day
v.
Chism.

formal words are prescribed, in which this allegation is to be made. It is not necessary to say in terms, that the plaintiff has been evicted by a title paramount to that of the defendants. In this case, we think such an eviction is averred substantially.. The plaintiffs aver, " that the said Obadiah had not a good and sufficient title to the said tract of land ; and by reason thereof, the said plaintiffs were ousted and dispossessed of the said premises by due course of law." This averment, we think, contains all the facts which constitute an eviction by title paramount. The person who, from want of title, is dispossessed and ousted *by due course of law,* must, we think, be evicted by title paramount.

We think, then, that the special cause assigned for the demurrer will not sustain it.

There are other defects in the declaration, which are supposed by the counsel for the defendants in error to be sufficient to support the judgment. The plaintiffs claim both as heirs and devisees, and do not show in particular how they are heirs, nor do they set out the will.

It is undoubtedly true, that their title cannot be in both characters, and that the will, if it passes the estate differently from what it would pass at law, defeats their title as heirs. But a man may devise lands to his heirs, and the statement that they are his heirs, as well as his devisees, though not a strictly artificial mode of declaring, is an error of form and not of substance. Of the same character is, we think, the omission to state how the plaintiffs are heirs, or to set out the will. Al-

though in the case of *Denham* v. *Stephenson,*
(1 *Salk.* 355. 6 *Mod.* 241.) the Court says,
"that where H. sues as heir, he must show his
pedigree, and *coment heres,* for it lies in his pro-
per knowledge," the Court does not say that the
omission to do this would be fatal on a general
demurrer, or that it is an error in substance. The
plaintiff must show how he is heir on the trial;
and the 32d sec. of the Judiciary Act of 1789, c.
20, applies, we think, to omissions of this descrip-
tion. The judgment may be given, " according
to the right of the cause, and matter in law," al-
though the declaration may not show whether the
plaintiff is the son or brother of his ancestor, or
may not set out the will at large. An averment
that he is the heir or the devisee, avers substan-
tially a valid title, which it is incumbent on him
to prove at the trial.

The declaration presents another objection,
respecting which the Court has felt considerable
difficulty. In the same count breaches are as-
signed which are directly repugnant to each
other. The plaintiffs allege, that from the de-
fect of title in the vendor, they have not been able
to obtain possession of the premises; and also
that they have been dispossessed of those pre-
mises by due course of law. These averments
are in opposition to each other. But the allega-
tion that possession has never been obtained is
immaterial, because not a breach of the cove-
nant, and, the majority of the Court is disposed
to think, may be disregarded on a general de-
murrer.

It is the opinion of the Court, that the fourth and fifth counts, however informal, have substance enough in them to be maintained against a general demurrer, and that the judgment must be reversed, and the cause remanded for further proceedings. It will be in the power of the Circuit Court to allow the parties to amend their pleadings.

Judgment reversed accordingly.