HANCOCK,
April, 1831.

M'DOWELL
v.
HUNTER.

IN HANCOCK SUPERIOR COURT, APRIL TERM, 1831.

## CHARLES M'DOWELL vs. ARCHB'D R. S. HUNTER.

### Covenant.

In an action of Covenant for breach of warranty the plaintiff must aver, if not on eviction, at least that he had abandoned the possession of the land after it had been found subject to the execution, or that the land had been sold by virtue of the execution, and that he had been deprived of his possession thereof: otherwise the declaration is demurrable, and a nonsuit will be awarded.

THE plaintiff in this case declared on a breach of warranty in a deed executed by the defendant, conveying land to the plaintiff with warranty, and alleged for breach that the land had been levied on by an execution against one Soulard the grantee under whom defendant claimed; that plaintiff had interposed a claim; notified the defendant, and on the trial of the claim the land was found subject to the execution. The defendant pleaded by way of demurrer that plaintiff had alleged no eviction sufficient to entitle him to recover, nor that he had been dispossessed. Nonsuit was awarded with leave to move that the nonsuit be set aside and the case reinstated, and the motion was referred to the convention of Judges, who concurred in the following decision.

This is a case of general warranty of title. In such cases it is necessary to allege eviction and ouster. 2 Johnston, 1. 7 Johnston, 258. and 376. 4 Kent's Com. 467. 1 Mass. Rep. 466. 2 Mass. Rep. 461. 10 Wheat. 449. For the plaintiff it has been insisted that the verdict of the jury subjecting the land to the *fi. fa.* was an eviction in law which was sufficient to entitle the plaintiff to recover, and this case was analogized to a condemnation in a Court of Admiralty which had always been held sufficient to entitle the insured to recover against underwriters or insurers. But the analogy is imperfect in this: condemnation in Courts of Admiralty are always preceded by the seizure of the vessel or merchandize, which seizure operates a complete ouster or dispossession of the party insured. A levy upon land leaves the tenant in actual possession, and does not *ipso facto* operate his ouster or dispossession. Although in contemplation of law, land levied upon by the sheriff is considered in the custody of the law, yet it remains ostensibly in the actual possession of the defendant even after the sale of it by the sheriff who is bound upon the demand of the purchaser to give him possession, which can only be done by ousting the defendant in execution of the possession which is demonstrative evidence that he had not before been ousted. It is therefore determined, that in order to maintain an action of covenant for breach of warranty, in cases of this kind, the plaintiff should aver, if not an eviction, that he had abandoned the possession of the land after it had been found subject to the execution, or that the land had been sold by virtue of the execution, and that he had been deprived of his possession thereof. The motion to set aside the nonsuit is accordingly discharged.