May Term,
1856.

REESE
v.
McQUILKIN.

Wednesday,
May 28.

REESE, Executor, v. McQUILKIN.

In a suit upon the covenant of warranty, in a conveyance of land, the main thing to be alleged is the eviction by paramount title, existing at the time of the conveyance. The manner of eviction is matter of evidence, and need not be alleged.

In a suit upon the covenant of warranty, where there has been an eviction, the measure of damages, in the absence of fraud, is the purchase-money and interest.

ERROR to the *Vigo* Probate Court.

STUART, J.—Action of covenant, tried *October* 9, 1848. The pleadings are of course conformed to the old system. Trial by the Court, on a traverse of the breach. Finding and judgment for the plaintiff below, *McQuilkin*, for 1,352 dollars. There was no motion for a new trial or in arrest of judgment; and no exception to any ruling of the Court.

But on the 4th day of *October*, 1853, the executor, *Reese*, prosecutes error. What effect the revised statutes abolishing the writ of error, and limiting appeals to three years, might have on the rights of parties, is not urged in argument, and we make no question upon it.

The two questions chiefly argued are, the sufficiency of the declaration and the measure of damages. These will be briefly noticed in their order.

1. The first question is as to the sufficiency of the declaration on error. Its allegations and breach become material to be examined. The pleader alleges that in *July*, 1835, *Isaiah Lewis*, *Reese's* testator, by deed, sold and conveyed the land therein described to *Samuel McQuilkin*, the plaintiff below, his heirs and assigns forever, for the consideration of 800 dollars. It is further alleged that by the same deed, the said *Lewis* did covenant to and with the said *McQuilkin*, that he would, and his heirs, executors and administrators should warrant and forever defend the said tract or parcel of land, with all the appurtenances, unto the said *McQuilkin*, his heirs and assigns, against all and every person or persons whatsoever, claiming or to claim the same.

The breach is assigned in these words: And the said

May Term,
1856.

REESE
v.
McQUILKIN.

*Mc Quilkin* avers that the said *Lewis*, his heirs and executors, have not warranted and defended the said tract or parcel of land, with all the appurtenances, to the said *Mc-Quilkin*, his heirs and assigns, against all and every person or persons whatever, claiming or to claim the same; but on the contrary thereof the said *Mc Quilkin* says, that at the time of ensealing and delivery of the said deed, the paramount title and freehold in the said land was in other persons than the said *Lewis*, by virtue of which said paramount title the said *Mc Quilkin* afterwards, to-wit, at the *September* term of the *Vigo* Circuit Court, 1848, was evicted out of and from the said lands; and so the said *Lewis*, his heirs and executors, have not kept his said covenant, but have broken the same. To the damage, &c.

Is this declaration good on error? We are of opinion that it is. The main thing to be averred is the eviction by paramount title, existing at the date of *Lewis's* deed. The manner of eviction is matter of evidence, and need not be alleged. The declaration would have been good on general demurrer.

Thus in *Day* v. *Chism*, 10 Wheat. 449, the action, like that at bar, was covenant on the warranty contained in *Chism's* deed to *Day*. The substance of the covenant alleged in the several counts, was, " to warrant and defend the land against all and every person whatever." Breach, that *Chism* had not a good and sufficient title to the land, in consequence of which the plaintiffs were ousted and dispossessed of the premises by due course of law. Demurrer to the declaration, assigning for cause that an eviction by title paramount was not averred. But the Court held otherwise. " The covenant stated in the declaration is a covenant of warranty, and not of seizin. In an action on such a covenant, it is necessary to allege substantially an eviction by title paramount; but no formal words are prescribed, in which this allegation should be made. It is not necessary to say in terms that the plaintiff has been evicted by a title paramount to that of the defendants. In this case we think such an eviction is substantially averred. The person who is, from want of

title, ousted by due course of law, must, we think, be evicted by title paramount."

In *Wotton* v. *Hele*, 2 Saund. R. 177, it was held that in covenant on a warranty of lands for years, the plaintiff ought to show what estate or right he who entered had at the time of his entry, and it is not sufficient to aver that he had a good title. This case is called by elementary writers a leading authority, as it undoubtedly is. But in the notes it is clearly shown by the authorities that it is not necessary to set out the title of him who enters, because the plaintiff is a stranger to it. But as held in *Day* v. *Chism*, it is necessary that the plaintiff should, in some manner, state in his declaration that the person entering had a lawful or paramount title, before or at the time of the date of the grant to the plaintiff; for otherwise it would be intended that the title of the party entering was derived from the plaintiff himself. 2 Saund. R. 181 (*a*), note 10.

2. The second point urged is, that the damages are excessive. Of this we are unable to judge, as the evidence is not in the record. If interest be allowed from the date of the purchase, the damages are not out of the way. But it is insisted that *McQuilkin* is only entitled to interest from the date of the eviction, which was only a month or so before the judgment. The evidence, however, might have been such as to demand the other rule; and in the absence of the evidence showing the ruling to be clearly erroneous, we must presume in favor of the Court below.

Besides, in the absence of any occupying claimant law, the rule of damages in case of eviction is now well settled. In most of the states it is the consideration-money with interest; in analogy to the action of *warrantia chartæ*, where the warrantee recovered of his warrantor lands whose value was computed as of the time of the warranty. *Kelly* v. *The Dutch Church*, 2 Hill 116.—*Peters* v. *McKeon*, 4 Denio 550.—*Foote* v. *Burnett*, 10 Ohio 317.—*Pence* v. *Duvall*, 9 B. Monroe 48.—*Hopkins* v. *Lee*, 6 Wheat. 118.—4 Kent 471.—Sedgwick, 175.—Greenl. Ev. s. 269.—*Blackwell* v. *The Board of Justices, &c.*, 2 Blackf. 143.—

*Sheets* v. *Andrews, id.* 274. We therefore adhere to the rule that, in the absence of fraud, the purchase-money and interest is the measure of damages.

GOOKINS, J., having been concerned as counsel, was absent.

*Per Curiam.*—The judgment is affirmed with costs.

*S. B. Gookins* and *E. E. Bassett*, for the plaintiff.