SWITZER ET UX. *v.* MILLER ET AL.

TRESPASS.—*Former Adjudication.*—*Pleading.*—In an action for damages, for the unlawful taking and conversion of different items of personal property, it is a good defence, *pro tanto*, to answer a former adjudication as to any of such items.

·ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Real Estate in Different Counties.* —*Recording Deed.*—Where a debtor, owning different tracts of real estate, situated in different counties, makes an assignment of the same, by a deed of conveyance to a trustee, for the benefit of his creditors, such deed should be duly recorded in each of said counties.

SAME.—*Lease by Insolvent of Real Estate Assigned.*—*Innocent Purchaser.*—*Sale of Growing Crop.*—*Trespass.*—An owner of real estate situated in different counties made an assignment of the same, by a deed of conveyance to a trustee, for the benefit of his creditors, of which due notice was given by publication, and such deed was duly recorded in the recorder's office, and a copy thereof filed in the clerk's office, in one of such counties only; such bankrupt having thereafter leased a tract of such land, situated in another county, to a certain lessee, in writing, reserving part of the crops to be raised as rent therefor, and being indebted to a citizen of such county, the latter, without notice of any conveyance of such land, accepted, in payment of such debt, a written order from the bankrupt, to the lessee, to deliver his part of the growing crop to the creditor; and such trustee, as such, having afterward conveyed such land to a third person by deed, and such creditor having thereafter, with notice of such conveyance, taken possession of, and converted, such growing crop, the grantee brought suit against the creditor for conversion.

*Held*, that such notice and record of such assignment were not binding on the defendant.

*Held,* also, that the delivery to the defendant, by the bankrupt, of such order on the lessee, vested in the defendant the title to such crop.

From the Greene Circuit Court.

*W. J. Baker* and *L. Shaw*, for appellants.

*A. G. Cavens* and *E. H. C. Cavens*, for appellees.

NIBLACK, J.—Elizabeth Switzer and her husband, David A. Switzer, sued Henry Miller and Avery Griffith, in the court below, for unlawfully taking and converting to their own use seven tons of hay, two hundred and fifty bushels of corn and twenty-five bushels of clover seed, all of the value of three hundred dollars, and the prop-

erty of the said Elizabeth. The alleged time of the taking and conversion was the 6th day of January, 1875.

The defendants answered in two paragraphs:

1. The general denial.

2. A former adjudication, as to the item of hay, in a suit between the same parties, at the October term, 1874, of the same court, in which there was a judgment for the defendants.

A demurrer to the second paragraph of the answer was overruled, and the plaintiffs replied by a general denial.

The cause was tried by the court, and, at the request of the plaintiffs, the court made a special finding, which was, in substance, as follows:

That, on the 25th day of February, 1874, Christopher Sothern and Catharine Sothern, husband and wife, were the owners of a certain tract of land, constituting a farm, in Greene county, giving a description of it, and that said Sothern and wife were then residents of Marion county, in the State of Indiana; that, on said 25th day of February, 1874, being residents of Marion county as aforesaid, the said Sothern and wife executed a deed of assignment, under the law regulating assignments of real and personal property, in trust for the benefit of creditors, to one Jesse Jones, conveying to the said Jones the land above described in Greene county, and certain other real estate in Marion county, together with many articles of personal property, a schedule of which was given, which deed of assignment was, on the 27th day of February, 1874, being within ten days after its execution, recorded in the proper record of deeds in the recorder's office of said county of Marion, and a copy thereof was duly filed in the clerk's office of said Marion county, but that said deed of assignment was never recorded in Greene county; that the said Jones, as such assignee, in pursuance of his trust, on the 19th day of June, 1874, conveyed the land first above referred to, and lying in Greene county, to the plaintiff Elizabeth Switzer, but the deed to her was not

recorded until September 8th, 1874; that the defendants received actual notice that Mrs. Switzer claimed the land, conveyed to her as above, on the 1st day of September, 1874; that, on the 10th day of March, 1874, the said Christopher Sothern leased the Greene county land, afterward conveyed to Mrs. Switzer, to Avery Griffith, one of the defendants, by a written lease, for about one year, the term ending March 1st, 1875, reserving to himself as rent one-half of the hay, one-half of the clover seed and one-third of the corn, which might be raised on the land, all to be put into the barn for said Sothern; that, in April, 1874, the other defendant, Henry Miller, entered into a contract, at Indianapolis, with said Sothern, for the purchase of the rents reserved to said Sothern as above set forth, and bought the same of him, taking from the said Sothern an informal order in writing on Griffith, for the delivery to him, said Miller, of Sothern's share of the crop of that year; that, at the time the assignment was made to Jones, as above recited, Christopher Sothern was indebted to Miller, and the rents so purchased by Miller were paid for by applying the price agreed upon on said indebtedness; that in June, 1874, the said Griffith harvested the hay raised by him under his lease, and put one-half of it into the barn, amounting to three thousand six hundred and fifteen pounds; also put thirty-nine pounds of clover seed into the barn, and afterward cut up and shocked the corn so raised by him that year; that, on the 20th day of December, 1874, the defendant Miller took from the farm leased to Griffith, as above described, and converted to his own use, one-third of the corn aforesaid, of the value of twenty-four dollars and fifty cents; and in January or February he took from the barn the rent hay aforesaid, of the value of twenty-one dollars and seventy cents, and the clover seed, worth three dollars and fifty-five cents, and also converted them to his own use; that, on the 8th day of October, 1874, an action was commenced in this court by the same plain-

tiffs, and against the same defendants, as in this action, for the alleged conversion of certain personal property, and that one of the items in controversy in that action was the identical lot of hay sued for in this suit, and that said action was tried at the October term, 1874, of this court; that, on the trial thereof, evidence was given that said hay, at that time, had not been taken by said Miller from the farm on which it was raised, but remained in the barn where it was put after being harvested, and that it was then claimed by Miller, under his purchase from Sothern; that, in said action, the finding and judgment were for the defendants; that the defendants never resided in Marion county.

From the foregoing special finding, the court made substantially the following conclusions of law:

1.  The filing of the deed of assignment from Sothern and wife to Jones, and the recording thereof in the recorder's office in Marion county, was not notice, either constructive or actual, of the contents of said deed of assignment, to the defendants in this action.

2.  That the contract of Miller with Sothern, for the purchase of the rents of the farm leased to Griffith, and the delivery of the order from Sothern to Griffith, to deliver said rents to Miller, vested in Miller the property in such rents, and gave him the right to take the property produced by the rents, at any time thereafter.

3.  That, as to the item of hay in controversy in this action, there has been an adjudication of the same matters concerning it in a former action between the same parties.

The plaintiffs excepted to each and every conclusion of law so drawn by the court from the facts as stated in the special finding.

The evidence is not in the record, and no question is presented on the sufficiency of the evidence to sustain the special finding.

We do not see any substantial defect in the second par-

agraph of the answer, and are of the opinion, that there was no error in overruling the demurrer to it. Nor do we see any thing in the conclusions of law arrived at by the court, of which the appellants can justly complain.

Upon the facts as found by the court, we must regard both Griffith and Miller as purchasers of an interest in real estate, within the meaning of the statute, without notice of an unrecorded deed, and protected in their interests as such purchasers, against the unrecorded deed from Sothern and wife to Jones. See section 16, 1 G. & H., p. 260, which was in force when Sothern made the lease to Griffith.

Miller, by his purchase from Sothern, was equitably substituted in place of Sothern in the lease to Griffith, and became entitled to receive the rents when they accrued. In legal effect, Miller purchased Sothern's interest in the lease, which was a legitimate subject of purchase and sale. That gave Miller an interest in the growing crop from the time of the purchase. *Woodruff* v. *Adams,* 5 Blackf. 317; *Lindley* v. *Kelley,* 42 Ind. 294; 1 Washb. Real Prop., p. 287.

The appellants claim that the copy of the assignment, which Jones, as assignee, filed in the clerk's office of Marion county, under section 3 of the act regulating voluntary assignments, (1 R. S. 1876, p. 142,) and the notice which he was required to give of his appointment by section 6 of the same act, afforded the appellees constructive notice of the contents of the deed of assignment to Jones, and, for the purposes of this case, supplied the omission caused by the failure to record the deed of assignment in Greene county.

The special finding, however, does not show, that Jones ever gave the required notice of his appointment. The question, therefore, as to the effect of such a notice, if it had been shown to have been given, does not properly arise in this case; but, if it did, we could not sustain the position assumed by the appellants.

As to the notice of appointment, Burrill, in his work on Assignments, 3d ed., sec. 267, p. 515, says:

" The object of giving notice of the assignment is to give publicity to the transaction for a two-fold purpose— to apprise the creditors of the transfer, and to instruct them as to their proceedings to obtain its benefit; and to inform the debtors of the assignor, and persons having moneys or property belonging to him in their hands, to whom they are to account and to pay and deliver the same."

Assuming that Jones gave the notice of his appointment, it did not, in any manner, obviate the necessity of recording the deed of assignment in Greene county.

We see no error in the proceedings below.

The judgment is affirmed, at the costs of the appellants.