## THOMAS v. HAMILTON.

### No. 6092.

COVENANT OF DEED.—*Failure of Consideration.—Answer.—Demurrer.*—In an action upon a covenant of warranty in a deed, an answer, alleging facts sufficient to show an entire want or failure of consideration therefor, is sufficient on demurrer.

SAME.—*Measure of Damages.—Evidence* — In such action, the measure of damages is the purchase-money with interest, and not the value of the land.

PRACTICE.—*Motion to Strike out Parts of Pleading.—Supreme Court* — Error assigned on the ruling of the trial court, upon a motion to strike out parts of pleadings not properly in the record by a bill of exceptions, will not be considered by the Supreme Court, though incorporated in the motion for a new trial.

SAME.—*Harmless Error.*—No available error is committed in overruling a demurrer to a paragraph of answer, where the matters alleged therein are admissible in evidence under the general denial also pleaded.

From the Clinton Circuit Court.

*L. McClurg* and *J. V. Kent,* for appellant.

*J. C. Suit, J. N. Sims* and *S. Vanton,* for appellee.

ELLIOTT, J.—This was an action upon a covenant of warranty contained in a deed conveying land, and was instituted by the appellant, against the appellee.

Errors are assigned upon the rulings of the court sustaining and overruling motions to strike out, upon demurrers to the answer, and upon the motion for a new trial.

The questions sought to be presented upon the rulings sustaining and denying motions to strike out part of the pleadings, are not before us, for the reason that they are not properly brought into the record by a bill of exceptions. They are, it is true, incorporated in the motion for a new trial, but that does not carry them into the record.

The second and third paragraphs of answer present substantially the same questions. The material statements may be thus summarized : The appellee became surety for one Ramsey, then the owner of the land described in the deed executed by the appellee. The land was then conveyed to appellee by Ramsey to secure him against any loss which might result from his undertaking as surety. Afterward, upon the representation of the appellant, that he had purchased the property from Ramsey, the appellee executed the deed upon which the action is based, and for the purpose of carrying into effect the agreement between appellant and Ramsey. It is also directly averred, that the appellee did not receive any consideration for the conveyance. These answers abound in repetitions,

and are somewhat vague and uncertain; but, notwithstanding these faults, sufficient facts are pleaded to show an entire want of consideration. Our statute expressly declares, and our court has often decided, that want or failure of consideration may be pleaded to a deed. 2 R. S. 1876, p. 76, sec. 81; *Gavin* v. *Buckles*, 41 Ind. 528; *Blair* v. *Allen*, 55 Ind. 409.

There was, therefore, no error in overruling the demurrers to the second and third paragraphs of the answers.

The seventh paragraph of answer pleads matter in mitigation of damages; and, even if bad, no available error was committed in overruling the demurrer, because the matters therein pleaded were admissible under the general denial, and consequently no harm resulted to the plaintiff from the ruling.

The tenth paragraph of answer is very much the same as the second and third, but contains the additional allegation, that the deed to appellee was but a mortgage. Whether this allegation adds any strength to the answer, we need not decide, for the other facts clearly show an entire absence of consideration, and we must therefore hold the paragraph good.

The evidence fairly supports the finding of the court. There are such facts, satisfactorily established, as warrant the conclusion that the appellee did not receive any consideration whatever for the conveyance executed by him.

There was no error in excluding evidence as to the value of the land described in the deed. It is well settled, that, in such cases as the present, the measure of damages is the purchase-money with interest. *Reese* v. *McQuilkin*, 7 Ind. 450; *McClure* v. *McClure*, 65 Ind. 482.

Cross errors are assigned by the appellee, but the conclusion which we have reached renders it unnecessary for us to consider them.

Judgment affirmed.