No. 7758.

## KRUG v. MCGILLIARD, ASSIGNEE.

VOLUNTARY ASSIGNMENT.—*Omission of Property of Trifling Value.*—An insolvent debtor's assignment of his property, under section 1, 1 R. S. 1876, p. 142, is not fraudulent and void because of the unintentional omission of portions of the debtor's property of trifling value, if it embraces substantially all of the debtor's property.

SAME.—*General Assignment.*—All assignments under such statute must be general.

SAME.—*Supplemental Assignment.*—The filing of a "supplemental assignment," containing property unintentionally omitted from the original assignment, does not carry forward the date of its taking effect.

REPLEVIN. — *Pleading.* — *Assignee.* — *Complaint.*— *Right of Possession.*— *Proof.*—In replevin, an assignee need not allege in his complaint that he is the owner of the goods, "as assignee." He may aver his title generally, and prove such facts as show a general or special property and right of possession.

From the Montgomery Circuit Court.

*J. R. Courtney*, for appellant.

*W. H. Thompson* and *J. M. Thompson*, for appellee.

BEST, C.—This was an action of replevin by the appellee against the appellant. The complaint was entitled, "Francis McGilliard, assignee of John Thompson, v. William J. Krug," and was in the form prescribed by the statute. A demurrer for want of facts was filed and overruled to the complaint, to

which ruling an exception was taken. An answer in denial was then filed, the cause submitted to the court for trial, and a judgment was rendered for the appellee. From this judgment the appellant appeals, and assigns various errors, all of which were mere grounds for a new trial, except the ruling upon the demurrer, and upon the motion for a new trial.

The only objection urged to the complaint is, that it was not averred that the appellee was the owner of the goods, "as assignee." This was not necessary. It was sufficient for him to allege generally that he was the owner, and entitled to the possession of the goods, as he did do. It is not necessary for a plaintiff in replevin to allege the source of his title; but he may aver it generally, and support it by proof of such facts as either show a general or special property in the goods with a right to the possession. There was no error in overruling the demurrer to the complaint.

The second, third, fourth and fifth assignments of error are for admitting and excluding evidence, which, as before stated, are mere grounds for a new trial, and, as none of them were embraced in the motion, no question is raised by them. The only reasons assigned for a new trial were, that the finding was contrary to law, and not supported by sufficient evidence. The latter is the only one argued, and the other will not be considered.

The undisputed facts in the case are briefly these : John Thompson, on the 4th day of April, 1878, and prior thereto, owned the goods in dispute, and on that day, being in failing circumstances, made an assignment of his property, including that in dispute, to the appellee, which assignment, on said day, was duly recorded, in the recorder's office of Montgomery county, Indiana, where said Thompson resided. The appellee at once accepted the trust, took possession of the property, and entered upon the discharge of his duties as such assignee. At and before this time, said Thompson and one James K. Beech were indebted to one Alexander F.

Ramsey, who, on said day, recovered a judgment against them before a justice of the peace for $166.88. On the next day said Ramsey filed a transcript of said judgment in the clerk's office of said county, caused an execution to issue thereon to the appellant, who was the sheriff of said county, and who, by virtue thereof, levied upon the goods in dispute. Thereupon the appellee replevied them from him.

It further appears that Thompson unintentionally omitted from his assignment two small, irregular shaped parcels of land adjoining the right of way of the Louisville, New Albany and Chicago Railway Company, one containing $\frac{8}{100}$ and the other $\frac{10}{100}$ of an acre, of but little value. The property embraced in the assignment was appraised at over $1,000, and that omitted at $12, one parcel at $10 and the other at $2. After the assignment, to wit, on the 9th of April, 1878, said Thompson made an assignment of these omitted parcels of land, which is denominated a "supplemental assignment."

The appellant insists that, as the indenture of assignment does not include these omitted parcels, it is void, or, if not, that it did not become operative until the "supplemental assignment" was made, and, as his lien was acquired before that time, the finding was not supported by sufficient evidence. We do not concur with him in either position.

Our statute authorizing assignments provides "That any debtor, or debtors, in embarrassed or failing circumstances, may make a general assignment of all his or their property, in trust for the benefit of all his or their *bona fide* creditors ; and all assignments hereafter made by such person or persons, for such purpose, except as provided for in this act, shall be deemed fraudulent and void." 1 R. S. 1876, p. 142, sec. 1. By the terms of this statute, the assignment must embrace all the debtor's property. In other words, the assignment must be a general one, and the question arises whether the unintentional omission of a trifling portion of the debtor's property from the assignment vitiates

it?  We think not, but are of opinion that such an assignment embraces all of the debtor's property, within the meaning of the law.  To hold that the omission of any portion of the debtor's property, however trifling, from the assignment, vitiates it, is placing such a construction upon the statute as tends largely to defeat its purposes.  A substantial compliance with the statute is all that is required, and if a general assignment is intended to be made, and it embraces substantially all of the debtor's property, it can not be deemed fraudulent and void because some trifling portion of it has been omitted by inadvertence.

In Burrill on Assignments, at section 122, it is said:  "A general assignment in trust for the benefit of creditors is understood to import a conveyance of *all* the debtor's property, as distinguished from a *partial* assignment, the nature of which will be considered in the next chapter.  An exception of a trifling amount, whether by accident or design, will not alter the character of the conveyance in this respect."

In the case of *The United States* v. *Clark*, 1 Paine, 629, a similar question arose.  Gilbert Stuart was indebted to the United States, and made an assignment of his property to Clark.  Clark and Stuart had been partners, and their affairs were unsettled, but it was supposed that nothing was due Stuart.  Upon a subsequent settlement, it was found that there was due him $7,400, and this was not embraced in the assignment.  By the 5th section of the act of 1797, the United States was entitled to priority, if the assignment was general, and the question arose whether the omission of this claim destroyed the general character of the assignment.  The court said:  "The Supreme Court of the United States have decided, that the assignment must be of all the debtor's property:  By which I understand, that it must be an assignment of all, as contradistinguished from a partial assignment, or professedly an assignment of part only of the debtor's property.  The case put of a fraudulent omission

of a part is not the only exception, but is mentioned by way of illustration. Where an assignment purports to be general, and is understood and intended so to be, the omission of a trifling article through mistake or accident, would not surely take the case out of the act. This would be inadmissible on every sound principle of construction. The true distinction is that which has already been suggested: that where the omission does not show that the intention was that the assignment should be a partial one as opposed to a general one, the act applies, and the priority of the United States attaches."

As all assignments under our statute are general, and as the one in question was in substantial compliance with the statute, we think it is not void for the reasons urged. The levy was not upon the property omitted from the assignment, and, therefore, we decide nothing as to the right of an assignee to such property as against creditors, where liens have attached, under the provisions of our statute authorizing assignments. We think there is no error in the record, and that the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things affirmed, at the costs of the appellant.