No. 8435.

THE STATE, EX REL. BRADEN, ASSIGNEE, v. KRUG ET AL.

SHERIFF'S BOND.—*Action on.*—*Complaint.*—*Voluntary Assignment.*—A complaint, by the assignee of an insolvent debtor, on the bond of a sheriff, for the wrongful taking of property of the debtor conveyed to him, which gives no description of the property or copy of the deed of assignment or its date, and does not show when or where it was recorded, is insufficient.

SAME.—*Title of Assignee.*—In such action the complaint need not state the particulars of the assignee's title, but if it undertakes to do so, and thereby shows want of title, it is insufficient on demurrer.

VOLUNTARY ASSIGNMENT.—*Lien of Execution.*—A voluntary assignment for the benefit of creditors, made by an execution defendant, does not divest the lien of the execution.

PRACTICE.—*Bill of Exceptions.—Motion to Strike Out.*—The ruling of the court in striking out a pleading must be shown by a bill of exceptions, to present any question thereon in the Supreme Court.

SAME.—A pleading having been struck out of the record can be brought back only by a bill of exceptions, or by order of court.

SAME.—*Demurrer to Answer.*—A demurrer to an answer tests the sufficiency of the complaint.

SAME.—*Judgment on Defective Complaint.*—Where the complaint fails to show a cause of action, and a judgment is rendered against the plaintiff, he can not complain thereof on account of error in ruling upon his demurrer to an answer.

From the Montgomery Circuit Court.

*E. C. Snyder*, for appellant.

*G. W. Paul, J. E. Humphries, W. C. Wilson* and *J. H. Adams*, for appellees.

BICKNELL, C. C.—This was an action against a sheriff and his sureties, on the sheriff's official bond. The breach alleged was, that, on March 4th, 1879, the sheriff held an execution, issued from the Montgomery Circuit Court, in favor of James H. Dunham and others against William B. Patch, and on April 24th, 1879, levied the same, by color of his office, upon certain property in said county, of the value of $5,000, and took the property into his possession, the same being then and there " the property of the said Alba H. Braden, as assignee for the benefit of the creditors of William B. Patch," having been duly conveyed to said Braden " by an indenture of assignment made by said William B. Patch, by virtue of the laws of the State of Indiana, which indenture was, on the —— day of ——, 1879, duly recorded in the Recorder's office of Montgomery county, Ind., as deeds are recorded." That, by such wrongful taking, said Braden was prevented from selling said property, to his damage $1,000, and was otherwise damaged in the sum of $5,000.

A demurrer to the complaint for insufficiency of facts was overruled.

The defendants answered in seven paragraphs, of which the fifth was the general denial. Demurrers to the first, fourth

and seventh of these defences were overruled; demurrers to the second, third and sixth defences were sustained.

The plaintiff replied to the first, fourth and seventh defences, in two paragraphs, to wit: *First.* In denial. *Second.* A special reply, which was struck out.

The issues were tried by the court, who found for the defendants. The plaintiff's motion for a new trial was overruled, and judgment was rendered upon the finding. The plaintiff appealed, but has assigned no error upon the overruling of the motion for a new trial.

The only errors assigned are, overruling the demurrers to the first, fourth and seventh defences, and striking out the second paragraph of the reply.

No question is presented in reference to such striking out, because the ruling of the court thereupon is not shown by any bill of exceptions. *Thomas* v. *Hamilton,* 71 Ind. 277. The reply, having been struck out of the record, can be brought back only by bill of exceptions, or by order of the court. The demurrers to the defences search the record and test the sufficiency of the complaint. *Ætna Ins. Co., etc.,* v. *Baker,* 71 Ind. 102; *Gould* v. *Steyer,* 75 Ind. 50.

In *Kellogg* v. *Tout,* 65 Ind. 146, it was held that, where the complaint fails to show a cause of action, and there is a judgment against the plaintiffs, they can not complain of the judgment, although there may be error in the rulings upon their demurrers to the answers. Therefore, if the complaint be insufficient, the judgment below ought to be affirmed.

The statute of voluntary assignments for the benefit of creditors, 1 R. S. 1876, p. 142, sec. 2, provides that such assignments " shall be by indenture duly signed and acknowledged * and shall within ten days after the execution thereof, be filed with the recorder of the county in which the assignor resides, whose duty it shall be to record the same as deeds are recorded. The indenture of assignment shall contain a full description of all real estate thus assigned, and be accompanied by a schedule containing a particular enumeration and

description of all the personal property assigned.   *   *   *
No assignment under this act shall convey to the assignee any
interest in the property so assigned until such assignment is
recorded as provided for in this section."

Upon these statutory provisions, it has been held that no
title to the property assigned passes to the assignee, until the
assignment is recorded.   *New* v. *Reissner*, 56 Ind. 118 ; *Fork-
ner* v. *Shafer*, 56 Ind. 120; *Switzer* v. *Miller*, 58 Ind. 561.
It has also been held that a complaint by a party claiming as
such assignee, which does not allege that the assignment has
been duly recorded, and does not contain a copy thereof, is
insufficient on demurrer.   *Foster* v. *Brown*, 65 Ind. 234 ; *Ross*
v. *Boswell*, 60 Ind. 235.   And such an assignment, made by
an execution defendant, does not divest the lien of the exe-
cution.   *Griffin* v. *Wallace*, 66 Ind. 410; *Marsh* v. *Vawter*,
71 Ind. 22.   But in an action by such an assignee, to recover
from a wrong-doer the property assigned or damages for tak-
ing it, the complaint need not state the particulars of the
assignee's title.   It may allege generally that the plaintiff was
the owner of the property and entitled to the possession of it.
*Krug* v. *McGilliard*, 76 Ind. 28.   Yet if the complaint, in
such case, undertaking to show title as assignee, shows affirm-
atively a want of title, it will be bad upon demurrer.

The complaint under consideration is insufficient for sev-
eral reasons:

It gives no description of the property.   It does not state
whether the property was real or personal.

It sets out and relies upon a written instrument as the foun-
dation of the claim, and no copy of the alleged writing is an-
nexed to or filed with the complaint.

It does not give the date of the alleged writing, nor the
time of its execution, and it does not show that the assignment
was executed before the issuing of the execution.

It does not show when the assignment was recorded, nor
that it was recorded before the levy of the execution, or before
the issuing of the execution; the complaint alleges that the

execution was in the sheriff's hands on the 9th of March, 1879, and was levied on the 24th of April, 1879, and that the assignment was recorded on the — day of ——, 1879. It does not appear that the assignment was recorded before the execution was issued. The complaint does not state that the county in which the assignment was recorded was the county of the assignor's residence.

The complaint, under the authorities above cited, was clearly insufficient, and therefore the judgment below in favor of the appellee ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant's relator.

ON PETITION FOR A REHEARING.

BICKNELL, C. C.—The appellant admits that the complaint was insufficient, but says he was defeated on the trial because of matter admitted in evidence under bad answers.

Demurrers to three of the defences were overruled, and errors were assigned on such rulings.

The appellant says: " The court should pass upon such alleged errors, and if found to exist, should reverse the case, at the appellant's costs."

But the complaint being clearly bad, it was not necessary to examine the answers, for, even if they were defective, they were good enough for a bad complaint.

The petition for a rehearing should be overruled.

PER CURIAM.—The petition for a rehearing is overruled.