Thomson, J.,
delivered the opinion of the court.
The plaintiffs in error, Beifeld & Co., presented their petition to the district court of Pueblo county, alleging a gen *579 eral assignment by Frank C. Taft for the benefit of all his creditors; the taking possession under the assignment by Edmund H. Martin, the assignee, of all the property assigned; the filing by Beifeld & Co. with the assignee of a certified copy of a judgment obtained by them against Taft in the district court of Arapahoe county for about $2,100 and costs, to which, as a claim against the estate, no objection was made by any person ; the filing of a report by the assignee, and the making and payment of dividends ; the failure and refusal of the assignee to recognize the petitioners as creditors ; the possession of money by the assignee which could be applied upon their judgment; and praying an order upon the assignee for the payment to them, out of the moneys in his hands, of the proportion to which they were entitled as creditors.
The assignee answered denying that all the property assigned to him came into his possession, and averring that after the assignment, Beifeld & Co. caused a large quantity of the assigned property to be levied upon by attachment against the assignor; prosecuted their attachment suit to judgment, which is the same judgment mentioned in the petition ; caused the property attached to be sold, and received the proceeds of the sale; and that by reason of the premises the petitioners were precluded from claiming any interest in the assigned estate in the hands of the assignor.
The record contains what purports to be a copy of the assignee’s report, made after the filing with him of Beifeld & Co.’s judgment, and before any dividend was ordered by the court, which sets forth the service upon the assignee of a copy of the judgment; the attachment by the petitioners, after the assignment, of a portion of the goods assigned to satisfy their claim ; and the sale of the property by virtue of an order in their behalf made in the cause by the court; and asserts that, as the assignee is advised, they waived their claim against the estate by prosecuting their attachment to judgment. Upon a hearing the court denied the prayer of *580 the petitioners, and they have brought the case here for review. The judgment is assigned for error.
The contention of the petitioners is that no objection was made to the claim filed by the assignee &s required by the assignment law; and that, therefore, the duty of the court to order the payment to them of their distributory share was mandatory. The act regulating assignments provides that any person interested may appear, before a dividend shall be made, and file with the clerk any exceptions to the claim or demand of any creditor, whereupon the claim shall be adjudicated by the court; and if no exception he made to a claim filed, or if it has been favorably adjudicated, thé court shall order the assignee to make, from time to time, fair and equal dividends among the creditors. Session Laws 1885, p. 45.
We think the report of the assignee, as it is shown by the record, contained an exception to the claim which fully satisfied the requirements of the law. It is true that the word “ exception ” or “ objection ” was not used, but the facts stated constitute an objection; and that the assignee intended the statement as such, is shown by his suggestion that the petitioner's by their acts had waived their claim. While the assignee may not have been himself a creditor, he represented the creditors; it was in their behalf that the objection was made ; and it was not improper that, as the representative of those interested, he should make it.
By the terms of the act the assent of creditors to an assignment for their benefit is presumed, and such also is the law independent of statutory enactment; hut the presumption is not conclusive. It is not compulsory upon a creditor to assent to an assignment made for his benefit in common with other creditors, but his right to a proportionate share of the assets depends upon such assent. It is not permitted to him to blow hot and cold. He cannot repudiate an assignment and at the same time participate in its benefits. A seizure and sale by one creditor, under summary process, of a portion of the assets, diminishes to that extent the general fund out of which the debts are to be paid. The petitioners, as is alleged, *581 attached a considerable quantity of the property assigned, to satisfy their individual claim ; and having so prevented the assignee from administering the whole estate for the benefit of all interested, it would be manifestly unjust to the other creditors to permit the petitioners to share with them the avails of the residue. And it is immaterial whether the attempt of the petitioners, by their attachment proceedings, to secure a preference for themselves, results in ultimate success or failure. By success they will have appropriated to themselves assets which should have been administered for the equal benefit of all the creditors; and a failure does not restore property which has been sold, and the value of which it may require a considerable outlay of expense and costs on the part of the estate to recover from the petitioners.
What we have said is merely the expression of an opinion upon the questions discussed by counsel, and upon the facts as we assume them to have been. What showing was actually made, upon which the court based its judgment, is not indicated in the record. An issue of fact was made'by the pleadings, but whether it was determined upon evidence introduced, or upon an agreed statement of counsel, we are not advised. At the time of the rendition of the judgment the petitioners were granted ninety days within which to file their bill of exceptions, but there is no bill of exceptions in the record. An exception to the final judgment was essential to its review upon the facts, and such exception could be preserved only in a bill of exceptions. Burnell et al. v. Wachtel, ante, 556.
We have expressed our opinion upon a hypothetical case, made by the arguments of the respective counsel; but, without any facts before us, and with a judgment unexcepted to, it is manifest that it is beyond our power to pass upon the actual case, and we are compelled to assume the correctness of the decision of the court below.
The judgment is affirmed.

Affirmed.