Thomson, J.,
delivered the opinion of the court.
On the 26th day of December, 1890, Hunter & West made a general assignment of all their property, joint and individual, by deed, to Burton D. Sanborn, in trust for the use and benefit of all their creditors, and of all the creditors of each of them. The deed was filed for record in the office of the clerk and recorder of Weld county, being the county *103 where the principal place of business of the assignors was, on December 27, 1890, at 8 o’clock A. M. The assignment included a tract of land in Logan county, belonging to George H. West, one of the assignors. On the 26th day of December, 1890, Michael Spangler commenced his action in the district court of Arapahoe county against George H. West, upon certain promissory notes, executed by West, and transferred to Spangler, and procured a writ of attachment to be issued in the cause, which was, on the 27th day of December, 1890, at 8:30 o’clock A. M., duly levied upon the tract of land in Logan county belonging to West. At the time of the levy no notice of the assignment had been filed with the clerk and recorder of Logan county.
Sanborn filed this petition in intervention in the cause, setting forth the assignment, the time of the record of the deed, and the levy of the attachment, with the time when it was made, and praying that the property attached be adjudged the property of the petitioner, unaffected by the attachment levy, and that the costs occasioned by the attachment be taxed to the plaintiff in the cause. The answer of the plaintiff to the petition in intervention set forth the facts of the commencement of his action and the levy of his attachment, and averred that at the time of the levy he had no notice or knowledge of the execution of the deed of assignment, or of its record in Weld county, and that notice of the assignment had not been filed with the clerk and recorder of Logan county, and prayed the dismissal of the intervention. A demurrer to the answer was sustained, and it was adjudged that the property described in the petition was the property of Sanborn as assignee, unincumbered by the attachment. The plaintiff brings error.
In this state assignments for the benefit of creditors are regulated by statute. Session Laws 1885, p. 48. The difference between counsel is chiefly concerning the meaning of the following portions of the act:
“ Section 1. Any person may make a general assignment of all his property for the benefit of his creditors, by deed, *104 duly acknowledged, which, when filed for record in the office of the clerk and recorder of the county where the assignor resides, or, if a non-resident, where his principal place of business is, in this state, shall vest in the assignee the title to all the property, real and personal, of the assignor, in trust, for the use and benefit of such creditors.”
“ Seo. 4. In case of the assignment of property for the benefit of all the creditors of the assignor, the assent of the creditors shall be presumed.”
“ Seo. 6. Where real property, or any interest therein, is, by such deed, conveyed to the assignee, the assignee shall forthwith file with the clerk and recorder of each county where the real estate is situated, a notice of the assignment, containing the names of the assignor and assignee, the date of .the deed of assignment, when and where recorded, and a description of the property in that county affected thereby, and the same shall be constructive notice to a purchaser or incumbrancer of the transfer of the property in said county, described in such notice.”
According to the construction given to these sections in behalf of the intervenor, the instant the deed was filed in the office of the recorder of Weld county, the title to all the assignor’s property, wherever situate, vested absolutely in the assignee; upon the filing of the deed the assent of the creditors to the assignment was conclusively presumed ; and, having assented to it, they were concluded by it, and debarred from independent proceedings to subject the assigned property to the payment of their claims; they could not become incumbrancers, or acquire any lien or security upon the assigned property for the payment of their individual claims; and it was not in their power to place themselves in a position where the term “incumbrancer” as used in the sixth section could have an}' reference or applicability to them.
The word “vest,” as used in the first section, seems to possess a significance in the mind of counsel which we do not attach to it. Ordinarily, as against the grantor, title is said to vest in the grantee upon the delivery of the deed to *105 him; but, by this special provision, in the ease of assignments for the benefit of creditors, it does not vest until the filing of the deed for record in the office of the recorder of the proper county. The intention was to fix the time when the title should vest, and not to enlarge the meaning of the word. In other cases the title vested by the deed may be defeated by that of a subsequent innocent purchaser, or diminished in value by the lien of a subsequent innocent incumbrancer; and there is nothing in the language of the section to warrant the assumption that in cases of assignment any different rule should obtain. And certainly there is no need of perplexity as to the meaning which the word “ vest ” was intended to convey, when this section and section 6 are read together.
Neither do we agree with counsel in the effect which he gives to the fourth section. That section is simply declaratory of preexisting law. Without it there would be the same presumption of the assent of the creditors. But the presumption would not be conclusive. Any act of positive dissent would overthrow it. It would exist merely in the absence of evidence to the contrary. The property might be beyond the reach of attachment, and a creditor by dissenting might deprive himself of any benefit from the assigned estate, but his assent would not be compulsory. Halsey v. Whitney, 4 Mason, 206; Tompkins v. Wheeler, 16 Pet. 106; Brevard v. Neely, 2 Sneed, 164; Stewart v. Hall, 3 B. Monroe, 218; Beifeld v. Martin, 4 Colo. App. 578.
Apparently the rule is not altered by the 'statute ; but we do not see that in this case the question of the conclusiveness 'or non conclusiveness of the presumption is important. The real question is whether, as to the plaintiff, it attached at all. Under our statute, when does the presumption of the assent of creditors to an assignment for their benefit arise? Generally speaking, the term “ assent ” implies knowledge of some kind, in the party assenting, of that to which he assents. A party cannot very well be said to assent to, or dissent from, something of which he is supposed to be in ignorance. Sec *106 tion 4 is not definite upon the subject. It merely declares that in cases of assignment the assent shall be presumed. This language alone does not enlighten us; but by reading the section in connection with section 7, we think its interpretation is not a matter of diffieultj'-. The latter section makes it the duty of the assignee forthwith to give notice of the assignment by publication in some newspaper in the county, if any, and if none, then in the nearest county thereto, which publication shall be continued four weeks-; and provides that proof of the notice by publication shall be made by the affidavit of the printer or publisher. The only provision in the law for notifying creditors of the fact of the assignment is contained in this section. It is mandatory upon the assignee, and particularly specifies the manner of giving the notice, and of its proof. Section 1 does not make the record of the deed of assignment constructive notice to creditors, and the fact that notice is specifically provided for elsewhere is evidence that it was not intended to be such. Mr. Burrill says that the object of giving notice of the assignment is, among other things, to apprise the creditors of the transfer, and his language is quoted with approval by the supreme court of Indiana. Burrill on Assignments (6th ed.), 466; Switzer v. Miller, 58 Ind. 561.
We have, therefore, in section 7, a condition upon which the presumption of assent may be predicated. The published notice of the assignment may never fall under a particular creditor’s observation, and he may therefore be without actual information of the fact; but the presumption is otherwise, and upon this presumption or constructive notice, presumption of assent is based. It was obviously impossible that the required notice should have been given between the time of filing the deed for record and at the time of the levy of the attachment; and the answer, upon whose allegations the case must at present be determined, avers that at the time of the levy the plaintiff had no knowledge or notice of the assignment. There was then, on his part, no assent in fact, and nothing had yet been done from which the law would pre *107 sume his assent. His levy upon the land was therefore not attended by the impediment of a presumptive assent, and was not invalidated by anything contained in section 4.
It remains to ascertain in what manner, if at all, the levy was affected by the terms of section 6. The assignee is required by this section forthwith to file with the recorder of each county in which the real estate conveyed is situated a notice of the assignment, containing, among other things, a description of the land in such county affected by it; and it is provided that this notice, when so filed, shall be constructive notice to purchasers and incumbrancers of the transfer of the property in that county described in the notice. This is the only method provided by the law for affecting persons who might otherwise purchase property from the assignor, or secure themselves upon it for debts owing to them by him, with constructive notice that the property had been conveyed; and the notice must be filed in each county in which land conveyed is situated. This would include the county in which the assignment is made, and the deed recorded, if the assignment embraces land in that county. From these special and particular provisions it would seem that the mere recording of the deed is not constructive notice of the conveyance of land, even in the home county. As to all matters pertaining to assignments, the statute is full and complete within itself, and the general law concerning conveyances has no application. In order that purchasers and incumbrancers may be affected with notice, other than actual notice, the prescribed method must be pursued; and it follows that in the absence of the statutory notice, bona fide purchasers and incumbrancers will be protected. Counsel concedes that this is the rule in the case of a purchaser or mortgagee who parts with his money in good faith, relying on the records of the county where the land is situated; but he contends that it is not the rule in the case of prior creditors, and gives as his reason that the record of the deed of assignment is constructive notice to them of the execution of the deed, that the law thereupon compels their assent, and that by their assent they be *108 come parties to the transaction. But, as has been shown, the record of the deed of assignment is not constructive notice ; and, in the case of the plaintiff, the condition upon which the law presumes — but does not compel — the assent of creditors had no existence. The words “purchaser” and “incumbrancer ” are used without qualification of any kind; and, leaving purchasers out of the discussion, — for there is no question of purchase in the case, — the word “ incumbrancer ” is employed in the section in its broad and general sense, and embraces every class of incumbrancers and every class of incumbrances. Alien or charge upon land, which binds it for the payment of a debt, is an incumbrance, and the holder of the lien is an incumbrancer. The incumbrance may be created by contract, or it may be acquired in pursuance of some statute. The lien of an attaching creditor is an incumbrance equally with a mortgage. Kelsey v. Remer, 43 Conn. 129 ; Johnson v. Collins, 116 Mass. 392. See, also, Nat. Bank v. Campbell, 2 Colo. App. 271.
The plaintiff having caused his attachment to be made without notice, actual or constructive, of the assignment, or of the conveyance of the property upon which he levied, his lien is entitled to precedence over the deed, and the demurrer to the answer was therefore erroneously sustained.
The judgment will be reversed and remanded with leave to the intervenor to reply to the plaintiff’s answer.

Reversed.